■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GERARD SULLIVAN, Appellant.— Appeal (1) from a judgment of the County Court, Queens County, convicting appellant of robbery in the first degree, grand larceny in the second degree, and assault in the second degree, and sentencing him to serve from 10 to 20 years, and (2) from each and every intermediate order therein made. Judgment reversed on the law and the facts and ·a new trial ordered. The crimes were committed on January 23, 1954. Arrest and identification were made 27 months later. Appellant testified in his own behalf, denying that he had committed the crimes. The crucial question presented was whether appellant's identity was shown with sufficient certainty to preclude a reasonable possibility of mistake. (*People* v. *Seppi,* 221 N. Y. 62, 68; *People* v. *Davino,* 284 N. Y. 486; *People* v. *Trowbridge,* 305 N. Y. 471.) The crimes were committed in a delicatessen store. Of the three persons in the store, only one identified appellant. The proof of identity was close. It was therefore error for the assistant district attorney in his opening statement to the jury to refer to the showing of "pictures" to complainant. It was also error to admit testimony of detective Rath on direct examination that he visited complainant at his home and showed him something, which could only have referred to the pictures heretofore mentioned by the assistant district attorney in his opening statement. Similarly, it was error to accept testimony by detective Rath, on direct examination, that he told appellant that he had been "identified" in the store robbery. In our opinion this constituted an improper attempt to bolster identification evidence by proof that the complainant had identified pictures of appellant prior to the time he identified appellant at the police station and at the trial. (*People* v. *Jung Hing,* 212 N. Y. 393; *People* v. *Trowbridge, supra*; *People* v. *Cioffi,* 1 N Y 2d 70; *People* v. *Hagedorny,* 272 App. Div. 830; *People* v. *Swanson,* 278 App. Div. 846; *People* v. *Sarra,* 283 App. Div. 876.) We are also of the opinion that under the circumstances here disclosed it was improper to permit cross-examination of appellant as to infractions of the regulations of the police department, from which he resigned while not under charges. (*People* v. *Joyce,* 233 N. Y. 61, 71.) No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ FRANK SABATO et al., Respondents, v. VILLAGE OF PORT CHESTER, Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from so much of an order as denies a motion to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice, section 50-e of the General Municipal Law and

sections 16 and 17 of title VII of appellant's charter, on the ground that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action, that the requirements of section 50-e of the General Municipal Law have not been met, that the plaintiffs have not the legal capacity to sue, and that the requirements of the charter have not been met. In denying the motion, the order granted leave to appellant to allege the insufficiency of the notice of claim as a defense in its answer. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.