■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELADIO OCASIO COLON, Appellant.— Judgment of the Supreme Court, Suffolk County, rendered July 6, 1964, reversed, on the law, and new trial ordered.   No questions of fact have been considered.   Defendant Colon was convicted of manslaughter in the first degree after a jury trial.   He had been arrested pursuant to a warrant issued upon a previously filed information.   After his arrest and before arraignment he signed one or more statements in which he confessed his participation in the incident involved, and identified certain objects, i.e., a baseball bat and a piece of concrete, as having been used by him to injure the decedent.   At that time, he was without counsel and had not been advised of his rights.   Thereafter, upon the trial, those statements were received in evidence over objections.   These statements served as the basis for the introduction in evidence of the bat and the piece of concrete.   We conclude that it was error requiring a reversal of his conviction to receive in evidence appellant's confessions.   We see no distinction between a post-indictment and a post-information statement (People v. Bodie, 16 N Y 2d 275, 278-279; People v. Santmyer, 20 A D 2d 960 [4th Dept.]; People v. Fleischmann, 43 Misc 2d 200).   In each instance, a defendant is not merely a suspect in an investigation, but an accused in a criminal prosecution held under court process to await trial, and entitled to counsel (see People v. Meyer, 11 N Y 2d 162).   Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JERRY GERRAD MANTESTA, Appellant.— Judgment of the County Court, Suffolk County, rendered December 20, 1963, convicting defendant of robbery in the first degree and other related crimes, upon a jury verdict, reversed, on the law, and new trial ordered.   No questions of fact have been considered.   In his opening statement at the trial, the prosecuting attorney referred to a prior identification of defendant by one of the complaining witnesses.   This was improper (People v. Lord, 20 A D 2d 579; People v. Bothuell, 26 A D 2d 585).   In his summation, he stated, " In my experience as an Assistant District Attorney of this County  *  *  *  I have never tried a robbery case which was as clear-cut in all its detail as this one."   This was improper (People v. Lovello, 1 N Y 2d 436; People v. Jackson, 7 N Y 2d 142; People v. Ruberto, 13 A D 2d 844, affd. 10 N Y 2d 428).   One of the two complaining witnesses testified, on direct examination, that, prior to the trial, she had identified defendant from a photograph in a " mug file " and in a " line-up ".   This was improper (People v. Hagedorny, 272 App. Div. 830; cf. People v. Chandler, 19 A D 2d 577).   A police detective testified that both complainants had separately identified defendant while he was in a police line-up.   The admission of such testimony was error (People v. Trowbridge, 305 N. Y. 471).   We are unable to say that the case against defendant was so strong that the cumulative effect of these improprieties may be disregarded as insubstantial.   Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGEL RODRIQUEZ, Appellant.— Order of the Supreme Court, Kings County, dated February 15, 1966, affirmed.   (Linkletter v. Walker, 381 U. S. 618; People v. Friola, 11 N Y 2d 157; People v. Spero, 25 A D 2d 882.)   Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.