Memorandum.
The judgment should be reversed and a new trial ordered.
Upon the People’s direct case, the trial court allowed proof by the identifying witness, over objection, that four days after the robbery she had co-operated with the police artist in producing a composite sketch, a copy of which was admitted into evidence. Without more this constituted reversible error. The rule is settled in this State that a witness may not testify to an extrajudicial identification of a photograph of the defendant (People v. Baker, 23 N Y 2d 307, 323; People v. Christman, 23 NY 2d 429, 433; People v. Wright, 21 N Y 2d 1011, 1012; People v. Caserta, 19 N Y 2d 18, 21). The reason for that rule applies with greater force in the case of a composite sketch. (People v. Coffey, 11 N Y 2d 142, 145.) Given the fact that identification was essential to connect defendant with the robbery, the proof received was prejudicial. (Other jurisdictions have applied divergent rules: see Commomvealth v. Rothlisberger, 197 Pa. Super. Ct. 451; People v. Turner, 91 Ill. App. 2d 436; Hundhauser v. State, 44 Wis. 2d 447, all excluding a police-drawn composite sketch; see State v. Ginardi, 111 N. J. Super. 435, 448-456, affd. 57 N. J. 438, admitting such a sketch, but see dissenting opn. in App. Div. per Conford, P. J., at 456-460; see, also, People v. Gould, 54 Cal. 2d 621, 626-627 [Traynor, J.], allowing proof of extrajudicial identification of photographs; see, generally, Ann., Extrajudicial Identification, 71 ALR 2d 449 ; Wall, Eye-Witness Identification in Criminal Cases, 177-179.)
Of course, other uses of a composite sketch are not proscribed by this holding. For. example, such a sketch might prove invaluable in a suppression hearing where the issue is probable cause for arrest or reasonable suspicion for a “ stop ”. In such instances the reasonable basis, including the sketch, for the police action is critical. Nor does the exclusion bar defendant from introducing a composite sketch on cross-examination to show inconsistencies between a courtroom identification and the prior description as recorded in the sketch.
The trial court also erred in refusing to cure prejudicial misstatements by the prosecutor in his summation to the effect that the defendant had recently inflicted a wound above his eye to *94 create a distinguishing facial mark not present at the time of the crime. The prosecutor’s contention is not sustained by the evidence and the remark had a demonstrable effect upon the jury’s deliberations, as shown by the jury’s request for a magnifying glass to examine a photograph in evidence. The court should either have granted defendant’s application to reopen the case for the single purpose of rebutting the statement, or at the very least instructed the jury to disregard the prosecutor’s remarks (see People v. Fleischman, 10 1ST Y 2d 1025, 1027, affg. 13 A D 2d 647; cf. People v. Benoit, 2 A D 2d 995, both involving reversible error in improvidently denying a defendant’s motion to reopen; see, generally, Ann., Prosecutor’s Summation — New Matter, 26 ALB 3d 1409).