■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON ANNIS, Appellant.—Judgment of the Supreme Court, Bronx County, rendered December 12, 1973, convicting defendant after a jury trial of two counts of robbery in the first degree, grand larceny in the second degree, grand larceny in the third degree and possession of a weapon as a felony, and sentencing defendant thereon to concurrent indeterminate terms of imprisonment with maximums of 12 years, unanimously reversed, on the law, and a new trial directed. The crucial issue here was that of identification. On direct examination, after a witness identified defendant as one of the perpetrators of the crime, the prosecutor asked the witness if there came a time "when a detective showed you photographs?" The witness answered "Yes." A motion for a mistrial was denied. The question and the answer would reasonably indicate that the witness had made an extrajudicial identification of a photograph of this defendant. Such bolstering of a witness's testimony is improper *(People v Griffin,* 29 NY2d 91, 93). Moreover, the use of the photographs marked "Port Chester Police Department" and the information given to the witness in connection therewith may well have affected the identification. The same witness on redirect examination, despite vigorous objection, was permitted to testify that he had previously identified this defendant at a *Wade* hearing. The applicable statute, so far as

pertinent, provides: "In any criminal proceeding in which the defendant's commission of an offense is in issue, a witness who testifies that (a) he observed the person claimed by the people to be the defendant either at the time and place of the commission of the offense or upon some other occasion relevant to the case, and (b) on the basis of present recollection, the defendant is the person in question and (c) on a subsequent occasion *but prior to the criminal proceeding,* he observed the defendant, * * * and then also recognized him as the same person whom he had observed on the first or incriminating occasion, may, in addition to making an identification of the defendant at the criminal proceeding * * * also describe his previous recognition of the defendant and testify that the person whom he observed on such second occasion is the same person whom he had observed on the first or incriminating occasion. Such testimony constitutes evidence in chief." (CPL 60.30; emphasis supplied.) A *Wade* hearing is not prior to but a part of the criminal proceeding (cf. *People v Mantesta,* 27 AD2d 748). The jury could well have concluded that a court had already approved the identification of defendant by the reference to the *Wade* hearing. The court properly advised the jury that evidence "with relation to an alibi should be most carefully scrutinized." However, it should have given a like charge with respect to identification testimony as, in effect, it was requested to do. The balance then would have been properly preserved. Otherwise the jury could fairly conclude that it had no such obligation. Additionally, the prestige of the court added greater weight to the direction given. We have considered the other points raised by defendant and find them unpersuasive. For the foregoing reasons, the judgment is reversed and a new trial directed. Concur—Stevens, P. J., Markewich, Tilzer, Lane and Yesawich, JJ.