Jasen, J.
(dissenting). I dissent. The victim of the robbery testified, without objection, that on the morning after the crime he went to police headquarters and identified the defendant from approximately 100 photographs of other males with similar racial characteristics' which were contained in the police files. At the trial, two photographs were displayed to the witness and he identified them as the photographs he had previously selected. Although the defendant did not object to the testimony relating to this extrajudicial identification and to the display of the photographs to the witness, an objection was taken to the admission of the photographs into evidence.
While the rule in New York is that a witness may not ordinarily testify to a prior extrajudicial identification of a defendant (see, e.g., People v Griffin, 29 NY2d 91, 93; People v Baker, 23 NY2d 307, 323; People v Caseria, 19 NY2d 18, 21), the defendant did not object to the victim’s testimony. Any claim of error with respect to the testimony itself was thereby waived and did not preserve a question of law for our review. (CPL 470.05, subd 2; People v Robinson, 36 NY2d 224, 228.) Under such circumstances, the introduction of the photographs into evidence should not be reversible error where the jury already knew that the police rogue’s gallery contained photographs of the defendant. Exclusion of the actual photo *915 graphs would not prevent the jury from learning something they already knew, that the defendant had been in trouble with the law before. (See People v Caserta, supra.) I conclude that there is no significant probability, in view of the strong identification testimony, that exclusion of the photographs would have led to an acquittal. (People v Crimmins, 36 NY2d 230, 242.) Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Cooke concurs.
Order reversed, etc.