■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CARTER, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 10, 1974 convicting defendant after trial of robbery in the first degree and possession of a weapon as a misdemeanor is unanimously reversed, on the law, on the facts and in the interest of justice, and the case is remanded for a new trial including a new suppression hearing with respect to prior identification by the complaining witness under CPL 710.20. The crimes of which the defendant was convicted are alleged to have been accompanied by rape of the complaining witness. The case turned entirely upon identification of the defendant by the complaining witness. The complaining witness had never known defendant before the criminal incident. There was no corroborative evidence. Defendant was apprehended almost a month after the criminal incident. The case is thus necessarily a close one requiring careful scrutiny of any improper trial procedures bearing on identification. There were a number of such incidents: (a) On his opening

statement, the prosecuting attorney stated that police officers would testify about complainant's identification of defendant shortly after the commission of the crime. Such testimony would of course have been inadmissible and, in fact was not proffered. (b) On redirect examination of the complaining witness, the prosecutor elicited the fact that she had identified the defendant at a suppression hearing. Such testimony was held improper in *People v Annis* (48 AD2d 622). (c) The prosecutor elicited from the complaining witness the fact that a police officer had visited her in her apartment and shown her pictures after she had picked out a picture of the defendant at the station house, with the clear implication she had done so again at her apartment. Although the court struck this evidence, the prosecutor referred to it, though briefly, in the summation. Unless justified to answer an attack of "recent fabrication" or because the defendant opened the door to this line of questioning on cross-examination, testimony of prior photographic identification is inadmissible. *(People v Forest,* 50 AD2d 260, 262.) This incident did not fall within these exceptions and was thus improper. *(Id: People v Annis, supra; People v Sullivan,* 5 AD2d 847.) (d) On summation, the prosecutor stated that "I told you that I would bring to you only what the law permitted me to bring to you. I could and would bring you no more", thus implying perhaps that there was more incriminating evidence which the rules of evidence excluded. This was improper. *(People v Davis,* 51 AD2d 974; *People v Wilson,* 40 AD2d 839, 840.) It is unnecessary for us to consider whether any one of these incidents would justify a reversal. But we think the totality of these improper incidents in a close case like this requires a new trial. As it appeared at the trial that there had been further photographic identification beyond what was disclosed to the defense at the time of the prior suppression hearing, we think defendant is entitled to a new suppression hearing with respect to the complaining witness' testimony. Concur—Markewich, J. P., Lupiano, Silverman and Lynch, JJ.; Kupferman, J., concurs in the following memorandum: Were the proof of guilt substantial, I would dissent, because I do not believe that the items enumerated by the court would justify a reversal. However, there are several disturbing aspects of the proof, including the fact that the complaining witness at the time involved seemed to be in a religious trance and did not notify the police until four days after the occurrence. Further, with the defense being misidentification, some items of description seem more to fit the defendant at the time of the arrest than could have been the case at the time of the occurrence.