■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BARNES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 20, 1979, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant stands convicted of stabbing Izell Hough to death. Two eyewitnesses came forward. However, on two separate occasions they failed to identify defendant from photographs. These two witnesses were able to identify defendant from a

lineup, but their lineup identifications were suppressed, as a fruit of defendant's illegal arrest (see *People v Barnes,* 101 Misc 2d 76). At the trial, defense counsel, on cross-examination of these two witnesses, elicited, or attempted to elicit, the fact that they failed to identify defendant from photographs. The trial court ruled that, in so doing, defense counsel had opened the door to redirect examination of the witnesses, with respect to their identification of defendant at the lineup. This was error. It is true that a defendant may not use the Fourth Amendment as "a shield against contradiction of his untruths" (see *Walder v United States,* 347 US 62, 65). Evidence of a pretrial identification, which would be otherwise inadmissible, may be admitted "to answer an attack of 'recent fabrication' or because the defendant opened the door to this line of questioning on cross-examination" (see *People v Carter,* 52 AD2d 829, 830). A defendant does not open the door to questions about a pretrial identification which would otherwise be inadmissible, merely by assailing the credibility of the eyewitness' identification testimony (see *People v Forest,* 50 AD2d 260; cf. *People v Falterman,* 74 AD2d 584). In the instant case, defendant did not attempt to demonstrate that the testimony of the eyewitnesses was a recent fabrication, nor otherwise attempt to use the suppression of the lineup identifications as a shield against the contradiction of untruths. Indeed, defendant never referred to the lineup, even obliquely. Therefore, testimony with respect to the eyewitnesses' identification of defendant at the lineup was improperly admitted. Since there must be a new trial, we caution the trial court against instructing the jury with respect to the nature and function of the Grand Jury (see *People v Williams,* 57 AD2d 876). We have considered defendant's remaining contentions, and find them to be without merit. Damiani, J. P., Gibbons, O'Connor and Niehoff, JJ., concur.