■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY LANGERT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 20, 1981, convicting him of rape in the first degree, sodomy in the first degree, robbery in the first degree, sexual abuse in the first degree (two counts), unlawful imprisonment in the first degree, grand larceny in the third degree, endangering the welfare of a child and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although a witness is generally not allowed to testify as to an extra-judicial identification of the defendant's photograph (*People v Griffin,* 29 NY2d 91; *People v Baker,* 23 NY2d 307, mot to amd remittitur den 23 NY2d 898; *People v Caserta,* 19 NY2d 18),

there are certain exceptions to the general rule. One of those exceptions applies where the defendant opens the door to this type of inquiry during cross-examination of the witness (*People v Brown,* 62 AD2d 715, affd 48 NY2d 921; *People v Carter,* 52 AD2d 829; cf. *People v Lindsay,* 42 NY2d 9, 12).

Based upon the record in the case at bar, we find that defense counsel, in attempting to show that the complainant could not identify her assailant because she initially selected a person other than defendant from the first set of photographs she viewed, opened the door to this area of inquiry. Therefore, it was not error for the court to allow the prosecutor, on redirect examination, to elicit additional testimony regarding the complainant's ultimate selection of defendant from a different photo array.

During summation, the prosecutor vouched for the credibility of one of the People's witnesses and assailed the credibility of the defense witnesses by calling the defense "a fairy tale". These remarks, though improper, do not warrant reversal under the circumstances herein.

We have reviewed defendant's remaining contentions and find them to be without merit. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.