■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL MARRERO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered April 28, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

A witness is generally not permitted to testify as to an extrajudicial identification of the defendant's photograph *(see, People v Griffin,* 29 NY2d 91; *People v Baker,* 23 NY2d 307, *mot to amend remittitur denied* 23 NY2d 898; *People v Caserta,* 19 NY2d 18); however, an exception to this general rule applies when the defendant opens the door to this type of inquiry during his cross-examination of the witness *(see, People v Brown,* 62 AD2d 715, *affd* 48 NY2d 921; *People v Carter,* 52 AD2d 829; *cf. People v Lindsay,* 42 NY2d 9, 12).

Based upon the record in the case at bar, we find that defense counsel persisted in a relentless attempt to pinpoint exactly at what point in time the complainant realized that he had seen the defendant before, despite defense counsel's knowledge that the complainant's revelation occurred at or about the time at which he was able to identify the defendant as his assailant from a photograph. It was this hectoring cross-examination that resulted in the complainant's testimony that he had identified the defendant from a photograph before realizing where and when he had seen him before. Accordingly, the trial court properly denied defendant's motion for a mistrial based on this testimony *(cf. People v Langert,* 105 AD2d 845).

Viewing the evidence in a light most favorable to the prosecution, as we must *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that, based on the victim's unfettered ability to observe the defendant throughout the course of the robbery which was committed in a small, well-lit elevator and lasted for approximately 15 minutes, the evidence is sufficient to support the verdict, since " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved or without merit. Further, we find no reason for disturbing the sentence imposed by the trial court. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.