■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE FRANCIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered April 13, 1984, convicting him of burglary in the first degree, robbery in the first degree (four counts), robbery in the second degree (four counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Justice Mangano has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

When reviewing a conviction this court must view the evidence in the light most favorable to the People (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Bigelow, 106 AD2d 448). Additionally, resolutions of questions relating to the credibility of witnesses is properly a function of the jury and should not be overturned lightly on appeal (see, People v Gruttola, 43 NY2d 116; People v Sutton, 108 AD2d 942). When viewing this case in the light most favorable to the People it is clear that the evidence adduced at trial supported the guilty verdict.

Moreover, although as a general rule, evidence of a pretrial photographic identification of a defendant is not permitted (see, People v Griffin, 29 NY2d 91; People v Caserta, 19 NY2d 18), exceptions to the general rule may be made and evidence of pretrial photographic identifications may be admitted " 'to answer an attack of "recent fabrication" or because the defendant opened the door to this line of questioning on cross-examination' " (see, People v Barnes, 93 AD2d 864, 865, quoting from People v Carter, 52 AD2d 829, 830). In the case at bar, the defendant, on cross-examination, sought to create the false impression that a prosecution witness was unable to identify him from photographs. Thus, the defendant opened the door to this area of inquiry and the court properly allowed "the prosecutor, on redirect examination, to elicit additional testimony regarding the [witness's] ultimate selection of the defendant from a different photo array" (see, People v Langert, 105 AD2d 845, 846; see also, People v Lyde, 104 AD2d 957).

Finally, it is well settled that the decision to grant or deny a motion for a mistrial is within the discretion of the trial court

and, absent a clear abuse of that discretion that decision will not be disturbed (see, People v Ortiz, 54 NY2d 288; People v Michael, 48 NY2d 1). If there are less drastic means of alleviating potential prejudice, a mistrial is unwarranted (see, People v Young, 48 NY2d 995). In the instant case, any potential prejudice stemming from certain witnesses' unresponsive answers was dissipated by the court's prompt and concise curative instructions to the jury. Accordingly, the defendant's motion for a mistrial was properly denied (see, People v Berg, 59 NY2d 294; People v Agront, 104 AD2d 821).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.