■ The People of the State of New York, Respondent, v Leon Levy, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered December 9, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly determined that the complainant's previous acquaintance with the defendant and his opportunity to view the defendant during the commission of the crime provided an adequate independent source for his in-court identification of the defendant (see, People v Brown, 34 NY2d 879, 880; People v Clarke, 55 AD2d 624, 625). It, therefore, correctly denied the defendant's motion to suppress the in-court identification.

By questioning Detective Torres on cross-examination about the complainant's failure to identify the defendant's photograph from the books of photographs shown to him on June 4, 1983, the defendant opened the door to the prosecutor's inquiring on redirect examination about the complainant's positive identification of the defendant's photograph from the book shown to him on June 16, 1983 (see, People v Langert, 105 AD2d 845, 846). While the June 16, 1983 identification procedure was perhaps suggestive in that Detective Torres had told the complainant that the photograph of the robber whom the complainant knew under the nickname "Blackie" would be among the 90 photographs in the book he was shown, this fact is of little significance given the complainant's previous acquaintance with the defendant (see, People v Tas, 51 NY2d 915, 916; People v Gissendanner, 48 NY2d 543, 552; People v Hooper, 112 AD2d 317, 318; People v Fleming, 109 AD2d 848, 849). Thus, the trial court's denial of the defendant's motion for a mistrial based upon the admission into evidence of the testimony about the complainant's positive identification of the defendant's photograph, was not an abuse of discretion.

Finally, the defendant's objection to the trial court's charge on reasonable doubt was not made at trial, and is thus unpreserved for appellate review as a matter of law (People v Thompson, 107 AD2d 772). Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.