■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GIALLOMBARDO, Also Known as FRANK GUIDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered October 17, 1983, convicting him of robbery in the first degree (two counts) and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In light of the in-court identifications of the defendant as one of the perpetrators by three eyewitnesses, each of whom had an adequate opportunity to view the perpetrators, and viewing the evidence in the light most favorable to the People, the defendant's guilt of the crimes charged was proven beyond a reasonable doubt (see, People v Bauer, 113 AD2d 543).

As a general rule, it is improper to admit testimony from a complaining witness that he identified the defendant from a photograph (see, People v Christman, 23 NY2d 429; People v Baker, 23 NY2d 307; People v Brewster, 100 AD2d 134, affd 63 NY2d 419). An exception to this general rule arises where the defendant opens the door to this inquiry during his cross-examination of the witness (see, People v Langert, 105 AD2d 845; People v Brown, 62 AD2d 715, affd 48 NY2d 921). Thus, it was not improper for the prosecutor to elicit from a complaining witness, on redirect examination, that he had previously identified the defendant from a photograph. In this instance, the prosecutor was merely seeking to correct the misimpression created by defense counsel during cross-examination regarding the witness's ability to identify the defendant (see, People v Langert, supra; People v Brown, supra; see also, People v Brewster, supra).

The defendant's contention that the trial court erred in failing to give a missing witness charge regarding the defendant's coperpetrator has not been preserved for appellate review (see, CPL 470.05 [2]; People v Borrello, 52 NY2d 952). In any event, no such charge was required, since the witness was equally available to both the prosecution and the defense, and there is no indication that the missing witness's testimony would have been favorable to the People (see, People v Almodovar, 62 NY2d 126; People v Rodriguez, 38 NY2d 95; People v Williams, 112 AD2d 177).

We have considered the defendant's remaining contention and find it to be without merit. Mollen, P. J., Mangano, Lawrence and Kunzeman, JJ., concur.