■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered May 3, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that an in-court identification by the complainant should have been suppressed because it was tainted by an impermissibly suggestive photographic identification procedure. While we agree that the procedure used was suggestive, suppression was properly denied because the People proved by clear and convincing evidence that the com-

plaintant had an independent source on which to base an in-court identification *(see, Manson v Brathwaite,* 432 US 98; *United States v Wade,* 388 US 218; *People v Adams,* 53 NY2d 241). The complainant viewed the man who snatched her necklace for about five minutes in broad daylight during which time he twice walked between the parked car in which she was seated and a house across the street. She testified that she was aware of the actions of the defendant and his compan-ion because she felt vulnerable and at one point had placed her purse under the car seat.

The defendant also contends that the court erred when it permitted the prosecutor, on his redirect examination at the trial, to question the complainant about her belated identifica-tion of the defendant in the photographic array. Although generally evidence of an extrajudicial identification of a photo-graph of a defendant is inadmissible *(see, People v Griffin,* 29 NY2d 91; *People v Caserta,* 19 NY2d 18), such evidence is allowed when the defense counsel opens the door on cross-examination *(see, e.g., People v Levy,* 123 AD2d 885, *lv denied* 69 NY2d 713; *People v Francis,* 123 AD2d 714; *People v Langert,* 105 AD2d 845; *see also, People v Bolden,* 58 NY2d 741). Here, after the defense counsel asked the complainant if she had previously identified a photograph of someone other than the defendant, the prosecutor could properly elicit testi-mony from her on redirect examination to explain and clarify that issue *(see, People v Melendez,* 55 NY2d 445). Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.