■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBERT CHIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered February 3, 1986, convicting him of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The crime of which the defendant stands convicted involves the alleged rape and sexual abuse of a four-year-old girl. The testimony adduced at trial established that the defendant was a friend of the victim's family, having been introduced to her mother by her grandmother, who attended the same church as the defendant. The defendant testified on his own behalf, and offered the testimony of two character witnesses. The defendant testified that he had met the female character witness at his church, and during defendant's cross-examination the prosecutor elicited, without objection, that that witness had a granddaughter approximately the victim's age. The male char-

acter witness, an attorney, testified that he had met the defendant at a roller skating rink, a place that both the defendant and he frequented.

During his summation the prosecutor sought to discredit both the defendant and his character witnesses by suggesting that the defendant was someone who preyed on little girls. He began by likening the female character witness to the victim's mother, and explaining why the defendant befriended her.

"She welcomed him in there and she bought his whole act. She thought that he was a kind person, that he was and came from the same church and he ingratiated himself to her, just as he did to all the other people, just as he did to [the female character witness] * * *

"Now, why did he ingratiate himself. I submit to you, he had some alterior *[sic]* motive. These people were easy prey to Hubert Chin. Why is he spending his time with little girls and older people? Because, they are easy prey, they are defenseless. They are subject to the perpetration of schemes and his crimes".

In addressing the character witnesses more specifically the prosecutor stated,

"The defendant put on two character witnesses [the female character witness] another person whom he ingratiated himself to, an elderly person in the community who just happened to have a little girl, a granddaughter, who is her age [the victim's] age, but wouldn't admit he met her * * *

"[The male character witness] got up here and he told us how he met Hubert Chin, how did he meet him again? He came to his rescue, he was going to save him at the roller skating rink, and, by the way, what was [the witness] doing in a roller skating rink? He put on tights with Hubert Chin and goes to a roller skating rink, and who stays there, young children?

"What is the average age of a person in a roller skating rink, not 35 years of age, I can tell you that".

Generally, during summation counsel has the right to comment on every pertinent matter of fact bearing on questions the jury has to decide. However, he must stay within the four corners of the evidence and avoid irrelevant comments which have no bearing on any legitimate issue in the case. "Thus the District Attorney may not refer to matters not in evidence *(People v Fielding,* 158 NY 542, *supra; People v Esposito,* 224 NY 370; *People v Dixon,* 231 NY 111; *People v Jackson,* 7 NY2d 142) or call upon the jury to draw conclusions which are

not fairly inferable from the evidence *(People v Van Aken,* 217 NY 532; *People v Creasy,* 236 NY 205; *People v Jenman,* 296 NY 269; *People v Griffin,* 29 NY2d 91). Above all he should not seek to lead the jury away from the issues by drawing irrelevant and inflammatory conclusions which have a decided tendency to [unfairly] prejudice the jury against the defendant (see, e.g., *People v Posner,* 273 NY 184, 190; *People v Levan,* 295 NY 26, 36; *People v Carbonaro, supra; Berger v United States,* 295 US 78). He may not, for instance, try to convey to the jury, by insinuation, suggestion or speculation, the impression that the defendant is guilty of other crimes not in issue at the trial (see, e.g., *People v Carbonaro, supra;* cf. *People v Doody,* 172 NY 165, *supra)" (People v Ashwal,* 39 NY2d 105, 109-110).

The issue in this case was simple: Did the defendant rape and sexually abuse the victim? Instead of concentrating on that issue during summation, the prosecutor sought to inflame the jury by arguing that the defendant and one of his character witnesses may have made a habit of molesting little girls. He tried to convey to the jury, by insinuation, suggestion and speculation, that the defendant may have committed or may have been planning to commit offenses similar to the one for which he was being tried. These prejudicial attacks upon the defendant and one of his character witnesses deprived the defendant of a fair trial. Although defense counsel failed to object to the prosecutor's misconduct, we believe that under the facts and circumstances of this case the interest of justice warrants reversal of the defendant's conviction. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.