■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered December 2, 1983, convicting him of murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that the trial court committed reversible error when it admitted a photographic array into evidence during redirect examination of an identification witness. We disagree.

The record indicates that during cross-examination of an identification witness, defense counsel attempted to elicit testimony that, upon being shown a photographic array which did not include the defendant's photograph, the witness had picked photograph number five as that of the perpetrator. In response to defense counsel's questions, the identification witness testified that he picked the individual in photograph number five as someone who resembled, but was not, the perpetrator. As a result of this cross-examination, the jury may have been left with the impression that the identification witness had previously identified someone other than the defendant as the perpetrator. Under these circumstances, the People were properly allowed to introduce the photographic array on redirect examination to correct the misimpression which the defense may have created *(People v Giallombardo,* 128 AD2d 547, *lv denied* 69 NY2d 1004; *People v Lyde,* 104 AD2d 957; *People v Langert,* 105 AD2d 845).

Further, the court correctly denied defense counsel's motions to discharge the jury and for a mistrial. The record shows that the trial court made a diligent inquiry of the jurors as to whether their knowledge of the arrest of their fellow juror's nephew for murder would affect the impartiality of their deliberations *(see, People v Anderson,* 70 NY2d 729,

730; *People v Lilly,* 139 AD2d 671, *lv denied* 72 NY2d 862). All the jurors, including the juror involved, responded unequivocally that the nephew's arrest would not affect their verdict. Therefore, there was no basis upon which the trial court could have come to the conclusion that the jurors had become "grossly unqualified" within the meaning of CPL 270.35 *(see, People v Anderson, supra; People v Buford,* 69 NY2d 290).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. We are unpersuaded that the testimony of the two eyewitnesses was incredible as a matter of law *(see, People v Garafalo,* 44 AD2d 86). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.