◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JACKSON, Appellant. [659 NYS2d 479] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Delury, J.), rendered April 30, 1996, convicting him of burglary in the first degree, assault in the second degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court improperly permitted the prosecutor to introduce testimony, over his objection, concerning the identification by the complaining witness of the defendant from a photographic array. We disagree. While a witness generally may not testify to an extrajudicial identification of a photograph of the defendant *(see, People v Griffin,* 29 NY2d 91, 93; *People v Boyd,* 189 AD2d 433, 441), such testimony may be appropriate when introduced to remedy some misapprehension created by the defense upon cross-examination *(see, People v Lindsay,* 42 NY2d 9, 12; *People v Boyd, supra; People v Giallombardo,* 128 AD2d 547, 548). Here, the prosecutor was merely seeking to correct the misimpression, created by defense counsel during cross-examination, that the defendant had been arrested solely on the basis of the description given by the complaining witness to the police on the night in question, and that the only time thereafter that the complaining witness had identified the defendant was some six months after he was arrested. Accordingly, it was not improper for the prosecutor to elicit testimony on redirect examination that the complaining witness had identified the defendant from a photographic array approximately two weeks after the incident *(see, People v Giallombardo, supra; People v Langert,* 105 AD2d 845).

Also without merit is the defendant's contention that the trial court improperly discharged a sworn juror who had two asthmatic attacks during the morning of the second day of trial. The court conducted a thorough inquiry of the juror, who was unable to give any sort of assurance that her condition would not recur at any given moment, and placed its reasons for the discharge on the record. The court also noted that the conditions which apparently contributed to the juror's asthmatic attacks—namely, dust caused by construction in the building—could not be eliminated to any significant degree and that the juror's attacks were a "disruptive influence" to the other jury members. Having witnessed the two asthmatic attacks first hand and questioned the juror about her condition, the trial court was plainly in the best position to determine whether discharging the juror at this relatively early stage in the proceedings would best serve the interests of both the defense and prosecution in the orderly, fair, and prompt progress of the trial (*see, People v Page,* 72 NY2d 69, 73; *People v Miranda,* 223 AD2d 728). Under these circumstances, the trial court properly exercised its discretion.

The defendant's remaining contention does not require reversal (*see, People v D'Alessandro,* 184 AD2d 114, 118-119; *People v Rice,* 75 NY2d 929, 932; *People v Crimmins,* 36 NY2d 230). O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.