■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HALL, Appellant. [708 NYS2d 125] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 15, 1998, convicting him of burglary in the third degree (two counts), criminal mischief in the third degree, criminal mischief in the fourth degree, criminal trespass in the third degree, criminal possession of stolen property in the fifth degree (two counts), petit larceny, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested for two burglaries, one of a liquor store and one of a variety store, which occurred two months apart. The trial court properly joined for trial the two indictments, each of which charged, *inter alia,* burglary in the third degree and criminal mischief, since the offenses charged are "defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). In each case, the police responded to a burglar alarm at a store located in a one-story shopping center in the early morning hours, found that the roof had been broken through, and observed the defendant near the store carrying stolen merchandise. In the liquor store burglary, the police observed the defendant climbing down from the roof and found that he possessed keys which the store owner had left inside the store. In the variety store burglary, the defendant was found carrying merchandise taken from the store, and was covered with white plaster dust which chemical testing showed to be consistent with the dust created by broken ceiling tiles inside the store. The defendant also was carrying green candles made of wax matching wax found in the store. Therefore, contrary to the defendant's contention, there was not "substantially more" proof of the liquor store burglary than of the variety store burglary, and there was no "substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.