Everton DOBSON, Petitioner–
Appellant,

v.

Hans G. WALKER, Respondent–
Appellee.

Docket No. 04–2714–PR.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2005.

Georgia J. Hinde, New York, New York, for Petitioner.

Diana Villanueva, Assistant District Attorney, Kings County (Charles J. Hynes, District Attorney, Kings County; Leonard Joblove, Victor Barall, Assistant District Attorneys), Brooklyn, New York, for Respondent, of counsel.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.*

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Everton Dobson, a state prisoner, appeals from a final judgment of the United States District Court for the Eastern District of New York (Garaufis, J.) denying his pro se motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review the district court's factual determinations for clear error and legal conclusions *de novo*. *Harris v. United States*, 367 F.3d 74, 79 (2d Cir.2004). A federal court reviewing a habeas corpus petition may not grant relief unless a state court adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Dobson claims the state trial court improperly admitted evidence from a suggestive lineup in which a witness identified him. *See Manson v. Braithwaite*, 432 U.S. 98, 106, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (suggestive lineups violate due process unless they possess independent indicia of reliability). He alleges that no more than two of the men in the lineup possessed long dreadlocks, and that long dreadlocks were a key feature identified by witnesses at the scene of the murder for which he was convicted. Even if he is correct, prior cases in our Circuit and in the Supreme Court dealing with suggestive lineups have discussed only lineups in which the defendant alone possessed a sig-

nificant characteristic in question. We therefore cannot say that the state court's rejection of Dobson's claim was "contrary to, or involved an unreasonable application of" established Supreme Court precedent, *see* 28 U.S.C. § 2254(d)(1), nor that the state court "unreasonably refuse[d] to extend [such a] principle to a new context where it should apply." *Williams v. Taylor,* 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ Dobson also claims that the evidence in his trial was constitutionally insufficient to remove a rational juror's doubt about the perpetrator's identity. *See Jackson v. Virginia,* 443 U.S. 307, 317–18, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Indeed, the lack of evidence in this case is troubling; the State's case amounted to one witness's identification at a lineup which was itself problematic. Were we to review this case *de novo,* we might be forced to reach a different result. But we cannot say as a matter of law that the state court unreasonably applied established Supreme Court precedent when it concluded that a rational trier of fact could have found Dobson guilty based on the witness's identification. *See* § 2254(d); *Jackson,* 443 U.S. at 318–19, 99 S.Ct. 2781.

Nevertheless, we take this occasion to express our concern regarding the circumstances that preceded the lineup. The lineup took place shortly after the witness picked the defendant's photograph out of an array that was displayed to her. The probative value of a lineup following so closely on the heels of a photographic array could be questioned because of the likelihood that a victim would simply identify the person whose photograph she had seen and recognized.

The probative value of the lineup identification could also be questioned because the photo array itself was arguably deficient. Three or four of the fillers appear to have hair that is braided, rather than dreadlocked, and not long enough to reach below the shoulders, although these characteristics were central to the witness's description. While the array was not admitted at trial, apparently because out-of-court photographic identifications are generally inadmissible as direct evidence under New York law, *see People v. Jackson,* 240 A.D.2d 680, 659 N.Y.S.2d 479 (2d Dep't 1997), it could have influenced the subsequent lineup identification.

■ The United States Magistrate Judge, whose report and recommendation were adopted by the district judge, examined a copy of the array in considering whether the lineup identification was independently reliable, and concluded that "the array was plainly not suggestive; each man pictured in it appears to wear his hair in a similar style." As noted, the photo array itself and its timing were arguably problematic. Nevertheless, the problems posed by the array and its effect on the lineup are procedurally forfeited. The suggestiveness of the array was not argued before the Appellate Division, and is thus unexhausted and procedurally forfeited. *See Aparicio v. Artuz,* 269 F.3d 78, 89–90 (2d Cir.2001). While Dobson did argue in his Appellate Division brief that "the closeness in time between the photoarray and the lineup … insured that appellant's face would still be fresh in Smitherman's mind when she viewed the lineup," there was not even the hint of an argument that the photo array was suggestive or that Dobson was seeking to suppress the lineup array because it came on the heels of a suggestive photographic array.

Moreover, the argument that Dobson did make does not rise to the level of a due process violation. While a lineup following closely on the heels of an identification made from an unobjectionable photographic array is of little or no probative value,

the Due Process Clause would not require the exclusion of the lineup identification. Indeed, under certain circumstances, the fact that an unobjectionable photographic identification preceded a suggestive lineup could provide some support for a finding that the latter identification was independently reliable. Thus simply arguing, as Dobson did here, that the photographic array influenced the subsequent lineup was not enough to exhaust the claim that the photographic array was impermissibly suggestive and that *for this reason* it tainted the subsequent identification.

█ Finally, Dobson claims that his counsel was precluded from cross-examining the witness who identified him in violation of the Confrontation Clause of the Sixth Amendment. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Dobson's counsel sought to ask the witness whether, at the time of the murder, she had been on her way to use drugs with her friends. It is within the scope of proper cross-examination to inquire as to whether a witness's capacity to observe and remember is impaired by drug use. *United States v. DiPaolo*, 804 F.2d 225, 229–230 (2d Cir.1986).

In context, however, it is clear that counsel sought to impeach the witness's *credibility*, by suggesting that she was *on her way* to use drugs, rather than to impeach her testimonial capacity by suggesting that she had *already* used drugs at the time she witnessed the murder. Counsel offered no good-faith basis to believe the witness had used drugs, and without such basis the trial court could properly exclude such questions to avoid undue prejudice. *United States v. Katsougrakis*, 715 F.2d 769, 779 (2d Cir.1983). One may not argue on appeal that a question regarding drug use should have been admitted for reasons other than impugning a witness's credibility when no such reasons were offered

below. *United States v. Scotti*, 47 F.3d 1237, 1248 (1995). Accordingly, we reject Dobson's attempt on habeas to offer alternative bases for the admission of counsel's attacks on the witness's character.

For the foregoing reasons, the judgment of the district court is AFFIRMED.