THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARVIA HAMILTON, Appellant. [826 NYS2d 294]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 21, 2004, convicting him of criminal possession of a weapon in the second degree, attempted assault in the first degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's determination that the photographic identifications were not unduly suggestive (see People v Patterson, 306 AD2d 14, 14-15 [2003]). Moreover, it was not improper for the prosecutor to elicit testimony on redirect examination that the witness had previously identified the defendant from a photographic array. While a witness is generally not permitted to testify to an extrajudicial identification of a photograph of the defendant (see People v Griffin, 29 NY2d 91 [1971]), such testimony is appropriate when the defendant opens the door to this type of inquiry during cross-examination of the witness (see People v Jackson, 240 AD2d 680 [1997]; People v Marrero, 117 AD2d 626 [1986]). Here, the prosecutor was merely seeking to correct the misimpression, created by the defense counsel during his cross-examination, concerning the witness's ability to identify the defendant (see People v Jackson, supra; People v Giallombardo, 128 AD2d 547, 548 [1987]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contention is without merit. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.