■ The People of the State of New York, Respondent, v Deion McCrae, Appellant. [895 NYS2d 101]—

In December 2004, James McCrae testified before a Kings County grand jury that he was shot in the face by Deion Mc-Crae (hereinafter the defendant). Following the shooting, the defendant was indicted, inter alia, for attempted murder in the second degree and weapons possession charges. In September 2005, James McCrae was fatally shot; in that incident, he was shot several times while seated in the driver's seat of his automobile, when it was sprayed with bullets. After an investigation, the defendant was indicted, among other things, for murder in the first degree, murder in the second degree, and several weapons possession charges.

In March 2006, the Supreme Court granted the People's motion to consolidate the indictments for trial (*see* CPL 200.20 [2] [c]). After a *Sirois* hearing (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405, 415 [1983]), the Supreme Court determined that "the People established by clear and convincing evidence that the defendant was involved in the murder of James McCrae, the finding of which permits the People to offer James McCrae's grand jury testimony in [the trial of] indict-

ment 665/05." After a trial, the jury returned a partial verdict, convicting the defendant of attempted murder in the second degree and criminal possession of a weapon in the second degree for the December 2004 shooting. The trial court declared a mistrial with respect to the first-degree and second-degree murder charges and the related weapons possession charges filed in connection with the complainant's death in September of 2005. After a retrial on those charges, the jury was unable to reach a verdict and the court declared a second mistrial. The defendant was not retried again.

The trial court properly exercised its discretion in consolidating the two indictments for a single trial. Both indictments charge offenses under the murder statute and the criminal possession of a weapon statute, and, therefore, could properly be consolidated under CPL 200.20 (2) (c) (*see People v McNeil*, 39 AD3d 206 [2007]; *People v Gwathney*, 298 AD2d 526, 527 [2002]; *People v Hall*, 272 AD2d 412 [2000]). In any event, consolidation also would have been proper under CPL 220.20 (2) (b), as, under the circumstances of this case, proof of one indictment is material and admissible as evidence in chief upon the trial of the other indictment (*see People v Kelley*, 46 AD3d 1329, 1331-1332 [2007]; *People v Torra*, 309 AD2d 1074, 1075 [2003]; *People v Jones*, 224 AD2d 334, 335 [1996]).

Upon the conclusion of the *Sirois* hearing, the trial court properly determined that there was clear and convincing evidence that the defendant was involved in the murder of James McCrae (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]) and, on that basis, properly admitted James McCrae's grand jury testimony into evidence at the trial on the first indictment under the "forfeiture by wrongdoing" doctrine (*Giles v California*, 554 US —, —, 128 S Ct 2678, 2683 [2008]; *see People v Geraci*, 85 NY2d 359, 366 [1995]). Evidence consisted of testimony that James McCrae had been approached a month or two before the murder and asked, on behalf of the defendant, to drop the initial charges, that the defendant had stated to another witness that he (the defendant) wasn't worried about the attempted murder trial, as he was going to have James McCrae killed, and that, at the scene of the second shooting, James McCrae stated, before his death, that he had been shot by "Skip," which was the defendant's nickname (*see People v Geraci*, 85 NY2d at 366). We find unpersuasive the defendant's argument that *Giles v California* (554 US —, 128 S Ct 2678 [2008]) requires a different result. On this record, the evidence is clear and convincing that any murder of James McCrae by the defendant was designed and intended to prevent James McCrae from testifying at trial.

We discern no need to remit the matter for a further *Sirois* hearing. A remittal for a further hearing is not required where, as here, the evidentiary record is sufficient for this Court to make determinations of fact and law, and, given the unavailability of the trial justice, judicial economy would be fostered (*see* CPL 470.15 [1]; *People v Neely*, 219 AD2d 444, 446 [1996]; *see also People v Mitchell*, 290 AD2d 518, 518-519 [2002]).

The trial court also properly admitted into evidence, pursuant to the "forfeiture by wrongdoing" doctrine (*Giles v California*, 554 US at —, 128 S Ct at 2683), James McCrae's statements made at the scene of the second shooting for the reasons stated above. In any event, the statements were independently admissible as dying declarations (*see People v Nieves*, 67 NY2d 125, 132-133 [1986]).

The testimony at trial of a detective regarding James McCrae's photo identification of the defendant after the first shooting was properly admitted into evidence as, on this record, the defense had opened the door to the issue of whether the witness could make a reliable identification (*see People v Hamilton*, 33 AD3d 937, 938 [2006]; *People v Jackson*, 240 AD2d 680 [1997]; *People v Marrero*, 117 AD2d 626 [1986]). Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.