THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BANKS, Appellant. [905 NYS2d 627]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 9, 2007, convicting him of murder in the first degree, attempted murder in the first degree (three counts), assault in the first degree (two counts), robbery in the first degree, and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in precluding, after a *Frye* hearing (*see Frye v United States,* 293 F 1013 [1923]), expert testimony on the effects of stress and cross-race bias on eyewitness identification. The defendant failed to meet his burden of establishing that the proposed testimony was based on principles that are generally accepted in the scientific community (*see People v LeGrand,* 8 NY3d 449, 452 [2007]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant either failed to object to the comments or made only general objections, and did not request further curative instructions or move for a mistrial (*see* CPL 470.05 [2]; *People v Mitchell,* 68 AD3d 784, 785 [2009]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Montgomery,* 160 AD2d 657 [1990]).

The County Court also providently exercised its discretion in declining to impose any sanction against the People for the loss of alleged *Rosario* material (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). The defendant failed to articulate a factual basis for the assertion that the alleged *Rosario* material existed (*see People v Young,* 61 AD3d 786 [2009]; *People v Brown,* 286 AD2d 340, 341 [2001]; *People v Rodriguez,* 270 AD2d 505 [2000]).

Contrary to the defendant's contention, it was not improper for the prosecutor to elicit testimony on redirect examination that the witness had previously identified the defendant from a photographic array. Such testimony is appropriate when, as here, the defendant opens the door to this type of inquiry during cross-examination of the witness (*see People v Hamilton,* 33

AD3d 937, 938 [2006]; *People v Jackson*, 240 AD2d 680 [1997]; *People v Marrero*, 117 AD2d 626 [1986]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.