OPINION OF THE COURT
Matthew J. D’Emic, J.
In this domestic violence prosecution, defendant was indicted for various crimes against his former paramour. As a result of a violation of his right to testify before the grand jury (CPL 190.50), the indictment was dismissed and the People were granted leave to re-present. In seeking to re-present their case, the People were stymied by the refusal of the complainant to give testimony before another grand jury.
Findings of Fact
The People claim that the complainant’s change of heart is the result of the defendant’s numerous telephone calls to her from Biker’s Island. An application for a hearing to allow them to use her prior grand jury testimony in a new presentation was made, and since they demonstrated a distinct possibility that his calls caused her unavailability (People v Cotto, 92 NY2d 68 [1998]; People v Mahabub, 38 Misc 3d 554 [2012]), a hearing on the issue was held.
It was established at the hearing that the defendant called the complaining witness over 100 times and the recordings of the calls further establish his pleas for her to refuse to cooperate in his prosecution. At one point he tells her: “If you don’t go, they got nothing.” At another point he warns the complainant that he cannot speak openly because the call was placed under his own book and case number. Nevertheless, he states: “If you don’t come, they have no case. Everything is on you.”
It was further established at the hearing that the witness ceased her cooperation at the time of these calls.
Conclusions of Law
This case is unusual in that the People seek to use prior grand jury testimony in a subsequent grand jury proceeding under the principle of forfeiture by wrongdoing (People v Geraci, 85 NY2d 359 [1995]). Since grand jury proceedings are not adversary proceedings (People v Brewster, 63 NY2d 419 [1984]), the right to confrontation contained in the Sixth Amendment is not *252 implicated (see Crawford v Washington, 541 US 36 [2004]) as there is no right to cross-examination (People v Hoffler, 53 AD3d 116 [2008]). Nonetheless, a grand jury indictment must be supported by legally competent evidence. Prior testimony of itself is not admissible in the subsequent proceeding absent some exception like forfeiture by wrongdoing.
A court, in deciding this issue, must determine that the People have proved, by clear and convincing evidence (People v Encarnacion, 87 AD3d 81 [2011]; People v McCrae, 69 AD3d 759 [2010]) that (1) the witness is unavailable, (2) the defendant engaged in wrongful conduct, (3) the wrongful conduct caused the witness’ unavailability, and (4) the defendant intended that result (Giles v California, 554 US 353 [2008]; State v Cox, 779 NW2d 844 [Minn 2010]).
In this case, the hearing evidence clearly established that the complainant was cooperative until the time the defendant started calling. These calls, at times threatening, at times pleading, at times cajoling, were at all times directed at convincing her not to testify. It cannot then be disputed that his calls, in violation of an order of protection, constituted wrongful conduct intentionally aimed at perverting the process of justice. It is also clear that the witness is unavailable to the prosecution since she has failed to respond to letters and calls from the district attorney and has not honored a subpoena personally served on her. The hearing testimony also established that her telephone has been disconnected.
Lastly, although there was conflicting testimony as to whether the calls caused the complainant’s unavailability, it is clear to the court that they did. Although all analogies are lacking, the tort law concept of res ipso loquitur is helpful. That is, when (1) an event does not ordinarily occur in the absence of negligence, (2) the agency was in the exclusive control of the defendant, and (3) there was no voluntary action or contribution on the part of the injured party, the negligence of the defendant is legally proved. So it is here. The complainant would not ordinarily stop cooperating with the district attorney but for the agency of the defendant’s calls in which she did not voluntarily act or contribute. Thus it is clear that the wrongful calls of the defendant, aimed and intended to silence the witness, made and caused her to be unavailable to the People.
The defense contention that the complainant was often irate and not intimidated is not altogether wrong. However, the sheer number of calls, the defendant’s use of foul and upsetting *253 language and his accomplished threats of checking her voice-mail make it clear that the calls were the cause of her unavailability. The further argument that the People have not adequately identified the voices on the calls must also fail. Many of the calls were made under the defendant’s book and case number, those that were not were in his voice, and he identifies the complainant by name.
The motion is granted. The People may re-present within 45 days.