■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR WILSON, Appellant.— Appeal by defendant from two judgments of the Supreme Court, Kings County, both rendered December 18, 1970, one (under indictment No. 2334/70) convicting him of robbery in the first degree, burglary in the first degree, grand larceny in the third degree and assault in the first degree, upon a jury verdict, and imposing sentence, and the other (under indictment No. 2550/70) convicting him of attempted burglary in the third degree, upon his guilty plea, and imposing sentence, to be served concurrently with the sentence under indictment No. 2334/70. Judgment under indictment No. 2550/70 affirmed. No opinion. Judgment under indictment No. 2334/70 reversed, on the law and in the interests of justice, and new trial ordered under that indictment. At the trial under indictment No. 2334/70 the complainant testified that he returned to his second-floor apartment between 12:00 A.M. and 12:30 A.M. on April 7, 1970 and found his door ajar. Upon entering, he was jumped by a man who sprang from the closet immediately to the right. He identified defendant in court as the perpetrator. The record indicates that the complainant spent about five hours in a bar, where he had several drinks, before returning home and that his apartment was illuminated on his return by a yellow-colored 60-watt bulb which was several feet from the front door. In addition, the complainant signed an affidavit shortly before the trial, prepared by a licensed investigator assigned by the court to aid the defense, wherein he stated: " I never saw the face or any part of the person or persons standing behind the drapes." The complainant admitted signing the affidavit, but denied ever having read its contents and claimed he was induced to sign it because of the investigator's representation that he was from the District Attorney's office. Against this background, we are of the opinion that defendant did not receive a fair trial, due to several remarks made by the prosecutor in his summation. With regard to the complainant's testimony he stated to the jury: " Albert Moore saw a face * * * made a mental image in his own mind about what that face looked like * * *. That is pretty true, also. * * * I guarantee you that you could come into court four months later, five months later, almost a year later, and say ' that is the man '." Regarding the affidavit prepared by the investigator and admittedly signed by the complainant, the prosecutor stated: " This piece of paper * * * and I state this with all sincerity * * * isn't worth the money that it cost * * * for the depression on his typewriter, for the paper that he had to buy." It is error for the prosecutor

in his summation to offer his personal belief as to the truthfulness of the complainant's testimony (*People* v. *Lovello*, 1 N Y 2d 436; *People* v. *Davis*, 29 A D 2d 556). Finally, the prosecutor remarked that "rules of evidence are very frustrating to attorneys of law. * * * We sometimes find ourselves estopped or placed in a position where we can't go as far as we like to." The prosecutor told the jury to "keep this into consideration" when discussing the testimony of one of his witnesses. These statements, too, are wholly improper (*People* v. *Jackson*, 7 N Y 2d 142; see, also, *People* v. *Meyer*, 14 A D 2d 241, affd. 11 N Y 2d 162). Since the evidence of defendant's guilt was not overwhelming, we are of the opinion that the aforenoted remarks by the prosecutor, taken together, constituted reversible error. Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.