ANNA J. PAPPAS, as Administratrix C.T.A. of the Estate of Paskas Kerigan, Deceased, Appellant, v CHRISTALLO KERIGAN, Also Known as CHRISTINE KERIGAN, Respondent.—In an action *inter alia* to declare an equitable interest in certain real property, plaintiff appeals from (1) an order of the Supreme Court, Queens County, dated October 7, 1975, which, *inter alia,* granted the defendant's motion for summary judgment and (2) the judgment of the same court, entered thereon on October 16, 1975. Judgment and order modified, on the law, by adding thereto provisions declaring that the real property in question is not burdened by a trust in favor of plaintiff by virtue of the decedent's indebtedness to her. As so modified, judgment and order affirmed, without costs or disbursements. No questions of fact were considered on this appeal. As this action is, in part, for a declaratory judgment, it was error to dismiss the complaint without making a proper declaration. The defendant was otherwise properly awarded summary judgment as a matter of law (see *Matter of Dickie,* 55 Misc 2d 976). Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN L. ADDISON, Also Known as GLYNN L. ADDISON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 27, 1975, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The closing of the courtroom in this narcotics purchase case was well within the discretion of the trial court (see *People v Eason,* 49 AD2d 621; *United States ex rel. Lloyd v Vincent,* 520 F2d 1272). The remaining contentions advanced by defendant have been examined and found to be without merit. Martuscello, Acting P. J., Christ, Shapiro, Titone and Hawkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DAVIS, Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Kings County, rendered October 4, 1973, convicting him of attempted murder and criminal possession of dangerous weapons, etc., as a felony, upon a jury verdict, and imposing sentence and (2) (by permission) from an order of the same court, entered December 10, 1974, which, after a hearing, denied his motion to set aside the verdict. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Appeal from the order dismissed as academic in view of our disposition on the appeal from the judgment. It was improper for the Assistant District Attorney to intimate to the jury that vital evidence was being withheld from it because of the rules of evidence (see *People v Jackson,* 7 NY2d 142; *People v Wilson,* 40 AD2d 839), as well as to dwell excessively on the seriousness of the stepdaughter's injuries in order to excite the jury to take vengeance upon the defendant. Christ, Shapiro and Titone, JJ., concur; Martuscello, Acting P. J., and Hawkins, J., dissent and vote to affirm the judgment and order.