■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered February 19, 1986, convicting him of robbery in the second degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of March 4, 1985, as the complainant was returning to his Brooklyn apartment building, the defendant pushed into the lobby behind him, followed by three accomplices. The four men beat the complainant and robbed him of $53. Although the complainant reported the incident to the police, he told the officers that he could not identify his assailants. However, he testified that he made this statement to the police because he "didn't want to get involved with the police". In the course of the ensuing week, the complainant saw the defendant several times on the street near his home, but he did not alert the police, again because of his alleged disinclination to "get involved with police matters". Eleven days after the crime, as the complainant and his wife were emerging from a local subway station, the complainant observed the defendant walking behind them. The complainant entered a grocery store and requested the clerk therein to telephone the police. Thereafter, the complainant identified the defendant to the responding officer.

On appeal the defendant contends that he was deprived of a fair trial. Specifically, he challenges the trial court's refusal to instruct the jury to consider the complainant's initial failure to describe his assailants to the police, as well as the trial court's failure to adequately explain that both the credibility and reliability of the witness's identification were at issue. He further argues that the prosecutor improperly endeavored to compare a sketchy complaint report, which was admitted into evidence, to a more comprehensive investigation report, which was inadmissible, in a purported attempt to suggest to the jury that vital incriminating proof was being withheld from them because of evidentiary rules. We find the defendant's contentions to be without merit.

Initially we note that the charge on the issue of identification was very thorough and comprehensive. Moreover, the trial court did instruct the jury that in evaluating the complainant's credibility, they were to consider any prior state-

ments he had made to the police or others which were inconsistent with his trial testimony *(see, People v Blake,* 124 AD2d 666). Since the complainant had essentially given no prior description to the police, there was no conflict with the complainant's subsequent identification of the defendant and/ or the defendant's appearance at trial. There was no specific need to underscore during the charge the fact that the complainant had initially failed to provide the police with a description of his assailants. Further, the trial court adequately explained to the jury the distinction between the issue of the credibility of a witness and the issue of the reliability of that witness's testimony, and that both issues should be considered by the jury.

In addition, it is apparent from the record that the prosecutor was not impelled by any improper motive in his unsuccessful effort to introduce into evidence a police department investigation report in an attempt to rebut any adverse inferences that might be drawn from the admission into evidence of a sparse complaint report. The prosecutor did not suggest that he was being hampered by the rules of evidence *(cf., People v Wilson,* 40 AD2d 839), nor did he make any "intentionally false and misleading comments which would warrant the reversal of the defendant's conviction" *(People v Bartolomeo,* 126 AD2d 375, 388, *lv denied* 70 NY2d 702). The defendant's objection to the prosecutor's query as to which report was "more complete" was promptly sustained before the witness could answer it, and the prosecutor never again alluded to the excluded document, either during the remainder of the trial or in his summation *(cf., People v Hines,* 112 AD2d 316). Finally, any prejudice which may have occurred as a result of the prosecutor's question was dissipated by the trial court's curative instruction. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.