■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CANNON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered December 3, 1986, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. Findings of fact have been considered and are determined to have been established.

Prior to the defendant's trial, the proposed testimony of an eyewitness concerning two lineup identifications was suppressed. In one lineup, the eyewitness had picked out the defendant. In a second lineup in which the defendant's alleged coperpetrator was placed, the eyewitness had identified a fill-in as one of the robbers.

At the defendant's trial, on cross-examination of the eyewitness, defense counsel showed her a photograph of the other alleged perpetrator, and asked whether, in a lineup in which "this person" was placed, she had picked another person, as one of the perpetrators of the robbery. The eyewitness admitted that she had selected the wrong person from that lineup, and then volunteered that in a second lineup she had "identified one person", an apparent reference to the fact that she had picked out the defendant in another lineup, although the jury could not have been aware of this fact. At the end of the eyewitness's testimony, defense counsel moved for a mistrial on the ground that her volunteered response was unresponsive to his question and was prejudicial to the defendant. The court denied the motion and offered to give curative instructions. Defense counsel objected on the ground that the proposed curative instructions would be as damaging as the testimony, "if not more so". Over that objection the court gave curative instructions as follows:

"There was a question asked by the defense counsel as to whether this witnessed [sic] identified a co-perpetrator in a line-up. She said no. Right after that she volunteered on her own to say that she had identified the person in the courtroom in a separate line-up.

"I made a determination on the law * * * that that part of the testimony was excluded from the trial. It was not to come in during the course of the trial. The witness * * * had been instructed prior to taking the stand not to say that.

"Now, in spite of the instruction she received she did state it. Now I'm going to ask you to disregard that part of the testimony by the witness. It's a question of law, that supersedes anything else."

Defense counsel subsequently brought to the attention of the court that the eyewitness had never testified to identifying the defendant, but rather had testified that she "identified one

person". The trial court then gave a further curative instruction with regard to the inaccuracy of the initial curative instructions, thereby, further emphasizing the eyewitness's improper testimony.

In giving the curative instructions, over defense counsel's objection, the trial court inadvertently clarified for the jury what had been left ambiguous by the eyewitness's testimony. The prejudicial nature of this mistake was further compounded by the trial court's statement that it had previously determined, as a matter of law, that the testimony was not admissible. This latter statement by the trial court was clearly analogous to a statement that vital evidence was being kept from the jury's consideration because of the rules of evidence. Such statements have been held to constitute reversible error (see, People v Jackson, 7 NY2d 142; People v Davis, 51 AD2d 974; cf., People v Bartolomeo, 126 AD2d 375, lv denied 70 NY2d 702).

Since the identification of the defendant as one of the perpetrators was a key issue, it cannot be said that the purported curative instructions, which emphasized the prejudicial nature of the eyewitness's testimony, were harmless (see, People v Jackson, supra).

Accordingly, the defendant is entitled to a new trial.

The defendant's other contentions are either without merit or need not be considered in light of our determination. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.