*923 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The defendant contends that the Trial Judge did not apply the proper criteria with respect to the prosecutor’s right to cross-examine the defendant concerning his prior criminal record (People v Sandoval, 34 NY2d 371). Specifically, he claims that the court’s use of the phrase "readiness to do it again” indicates that the court was applying a propensity standard as a factor in its considerations. However, reading the court’s remarks as a whole reveals that the proper balancing test was employed, and that the readiness spoken of was not readiness to commit the same crime, but readiness to place his self-interest above that of society, for the purpose of challenging his credibility.
In addition, since the exclusion of prior convictions is a discretionary determination for the trial courts and fact-reviewing intermediate appellate courts, no further review by this court is warranted (People v Shields, 46 NY2d 764).
There is no question but that the conduct of this trial was far from ideal. The overzealous prosecution coupled with the Trial Judge’s expression, in the presence of the jury, which could have been taken as an indication of his personal belief in the guilt of the defendant was unfortunate. However, with regard to these asserted errors, and others not preserved, none would warrant reversal by this court. Indeed the dissenter at the Appellate Division, apparently discerning no basis in law for reversal, opted to do so "as a matter of discretion in the interest of justice”.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.