■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BALLARD, Appellant.

There is no basis to disturb the determination of the hearing court, which finds ample support in the testimony adduced at the suppression hearing, that neither the photographic nor lineup identifications was the result of unduly suggestive procedures *(see, People v Norris,* 122 AD2d 82, *lv denied* 68 NY2d 916; *People v Prochilo,* 41 NY2d 759). Under the circumstances of this case, it was not inappropriate for the police to display the defendant's photograph to the witness a second time, subsequent to her unequivocal identification of him as her assailant, in an array including a photograph of the defendant's brother who bore a close resemblance to him *(see, Simmons v United States,* 390 US 377; *People v Harris,* 133 AD2d 649, *lv denied* 70 NY2d 932). Nor does the fact that a police officer apprised the witness that the person she identified through the photograph would be present in the lineup give rise to a substantial likelihood of irreparable misidentification *(see, People v Thomas,* 133 AD2d 867; *see also, People v Rodriguez,* 64 NY2d 738, 740). In any event, the testimony adduced at the hearing establishes that the victim had an independent basis for the in-court identification stemming from her extended observation of the defendant at close range while he held her at knifepoint in her car and, therefore, there was not a substantial likelihood of misidentification *(see, People v Adams,* 53 NY2d 241; *People v Friday,* 114 AD2d 970; *People v Hall,* 81 AD2d 644).

With respect to the defendant's claim that the court's alibi charge contained certain imperfections, the defendant failed to either request the court to charge the jury with respect to the alibi in a particular manner or to object to the charge as given. Therefore the issue has not been preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Ascheim,* 119 AD2d 757, *lv denied* 68 NY2d 912). Moreover, the factors raised by the defendant do not warrant reversal in the interest of justice *(see,* CPL 470.15 [3] [c]), given the overwhelming evidence of the defendant's guilt and the fact that the court's alibi instructions, taken as a whole, adequately presented the prosecution's burden to the jury, as well as the proper standard for consideration of the alibi defense *(see, People v Canty,* 60 NY2d 830; *People v Beckles,* 115 AD2d 749, *lv denied* 67 NY2d 759; *People v Brown,* 62 AD2d 715, *affd* 48 NY2d 921). Significantly, we note that the court did

instruct the jury that the People had the burden of disproving the defendant's alibi beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374).

We find that the defendant's remaining contention does not require reversal. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.