■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SHELTON MCIVER, Appellant.—Appeal by the defendant from a
judgment of the Supreme Court, Kings County (Bonomo, J.),
rendered February 7, 1983, convicting him of robbery in the
first degree (two counts), upon a jury verdict, and imposing
sentence. The appeal brings up for review the denial, after a
hearing, of that branch of defendant's omnibus motion which
was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

While the defendant alleges that he was beaten by a police
officer after his arrest thereby compelling him to make certain
incriminating statements, his allegations were disputed by a

detective who testified at the defendant's *Huntley* hearing, and there was no other evidence that a beating occurred. Based upon our review of the transcript of the *Huntley* hearing, we perceive no basis to overturn the hearing court's finding that the defendant fully understood his rights which had been administered to him on at least two occasions, and that the statements in question were freely and voluntarily made. The issues of credibility were primarily for the hearing court to determine and its findings should be upheld unless they are clearly erroneous (*see, People v Armstead,* 98 AD2d 726; *People v Vail,* 90 AD2d 917, 918).

We further find no merit to the defendant's contention that the prosecution failed to establish the crime of robbery in the first degree because it failed to produce evidence that the weapon he utilized was operative or loaded. Penal Law § 160.15 (4) merely requires the prosecution to prove that the defendant or another participant displayed what appeared to be a pistol, revolver or other firearm. Contrary to defendant's assertions, it was incumbent upon him to affirmatively prove that the weapon was inoperative or unloaded (*see, People v Brown,* 108 AD2d 922), which he failed to do.

In addition, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt (*see, People v Contes,* 60 NY2d 620). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.