■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VILLA, Also Known as GUILLERMO MOCADA, Appellant. —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Groh, J.), both rendered August 19, 1987, convicting him of criminal possession of a controlled substance in the fourth degree (2 counts, 1 as to each indictment), upon jury verdicts, and imposing sentences. The appeals bring up for review the denials, after hearings (Browne, J.), of those branches of the defendant's omnibus motions which were to suppress evidence.

Ordered that the judgments are affirmed.

These cases arise out of two separate incidents involving the same defendant. In each, more than one eighth of an ounce of a controlled substance was recovered and two *Mapp* hearings were held to determine whether the evidence should be suppressed. At the hearing held in connection with indictment No. 6420/85, the police officer testified that after seeing the defendant in an alleyway, in a high-crime area, he drove his patrol car into that alleyway with the headlights shining on the defendant and, as he was exiting the car at a distance of approximately 15 feet from the defendant, he saw the defendant toss a cigarette package to the ground. The officer walked directly to that package and found therein what was later determined to be cocaine.

In the second and unrelated incident which gave rise to indictment No. 946/86, another police officer testified that as he was approaching the defendant to ask for his assistance as a possible translator at the scene of the arrest of a third party, the defendant threw a package to the ground which almost immediately was picked up by a fellow officer and handed to him. That package was found to contain 21 packets of white powder which was later determined to be cocaine.

We find that the hearing court properly denied suppression of the evidence. The defendant's argument that in both instances the testimony of the officers was incredible is unavailing. Issues of credibility are primarily for the hearing court to determine and its findings will not be disturbed on appeal unless they are clearly erroneous *(see, People v McIver,* 147 AD2d 592, 593; *People v Armstead,* 98 AD2d 726). Here, it cannot be said that the officers' testimony was incredible as a matter of law *(cf., People v Martinez,* 71 AD2d 905). Further, there is no evidence in the record that would indicate, as the defendant suggests, that the police officers' testimony was patently tailored to meet constitutional objections *(see, People v Santiago,* 144 AD2d 502; *People v Matias,* 137 AD2d 625; *People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786). Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.