■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MCCALLUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 17, 1986, convicting him of murder in the

second degree (two counts), kidnapping in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and videotaped statements he made to law enforcement officials.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of criminal possession of a weapon in the second degree from 7½ to 15 years' imprisonment to 5 to 15 years' imprisonment; as so modified, the judgment is affirmed.

We reject the defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress his oral and videotaped confessions. The question of the voluntariness of the defendant's statements presented an issue of credibility for the hearing court to resolve, and its determination that the statements were not the product of coercion or an overborne will is fully supported by the record and therefore should not be disturbed *(see, People v McIver,* 147 AD2d 592; *People v Norris,* 122 AD2d 82).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's additional contention that the court's alibi charge contained certain imperfections is unpreserved for appellate review. In any event, the court's alibi instructions, taken as a whole, adequately presented the prosecution's burden to the jury, as well as the proper standard for consideration of the alibi defense *(see, People v Canty,* 60 NY2d 830; *People v Ballard,* 140 AD2d 529). The court explicitly instructed the jury that the People had the burden of disproving the defendant's alibi beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374; *People v Ballard, supra).*

As the minimum term of imprisonment imposed upon the defendant's conviction for criminal possession of a weapon in the second degree could not exceed one third of the maximum term imposed *(see,* Penal Law §§ 70.00, 265.03), we have modified the sentence accordingly. However, we find no basis to otherwise modify the sentence *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.