■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA KRESBERG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Weissman, J.), rendered January 31, 1991, convicting her of assault in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by her to law enforcement authorities.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the hearing court erred in denying that branch of her omnibus motion which was to suppress her confession. The question of the voluntariness of the defendant's statements presented an issue of credibility for the hearing court to resolve, and its determination that the statements were not the product of coercion or an overborne will is fully supported by the record and therefore should not be disturbed *(see, People v Rivera,* 171 AD2d 708, 709; *People v McCallum,* 157 AD2d 861, 862).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's conduct during cross-examination and summation also lacks merit. Insofar as the cross-examination is concerned, the defense counsel's objections to the two instances cited were immediately sustained and the defendant made no request for curative instructions or any other relief. Thus, we conclude that the alleged errors were corrected to the defendant's satisfaction (see, People v Santiago, 52 NY2d 865; People v Williams, 175 AD2d 273). As to the prosecutor's summation, the allegedly improper remarks were not objected to by defense counsel and thus the claim of error with respect thereto is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 248-252). In any event, the record indicates that the prosecutor's summation was a fair response to the defendant's summation, in which defense counsel repeatedly challenged the credibility of the People's witnesses (see, People v Lee, 167 AD2d 354; People v Singleton, 121 AD2d 752, 753).

The sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.