[No. B210895. Second Dist., Div. Five. Feb. 25, 2010.]

SAM GHADRDAN, Plaintiff and Respondent, v.
ALEX GORABI et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Discussion, parts A., C., D. and E.

COUNSEL

Law Office of Jeanne Collachia and Jeanne Collachia for Defendants and Appellants.

Schwartz, Wisot & Wilson and John D. Wilson for Plaintiff and Respondent.

OPINION

MOSK, J.—

## INTRODUCTION

Defendants and appellants Alex Gorabi and Angelino Men's Wear, Inc. (defendants),[1] appeal from a monetary judgment entered against them and in favor of plaintiff Sam Ghadrdan (plaintiff) after a jury trial. In the published portion of this opinion, we hold that the trial court did not abuse its discretion when it excluded evidence of a plea agreement and conviction of a corporation, of which plaintiff was the chief executive officer and sole shareholder, to impeach plaintiff and show plaintiff's motive and knowledge. In the unpublished portion of this opinion, we reject defendants' other contentions. We therefore affirm the judgment.

## FACTUAL BACKGROUND

This litigation arose out of a long-standing business relationship between plaintiff and defendant that originally involved a textile business. Plaintiff financed the business and defendant handled the day-to-day operations. At some point, the original business became a men's clothing business that, among other things, purchased a parcel of commercial property. In 2006, a dispute arose over the ownership of the clothing business and the commercial property. As a result, plaintiff sued defendants alleging multiple causes of action, and the case proceeded to a jury trial. After a lengthy trial, the jury

---

[1] We refer to Alex Gorabi and Angelino Men's Wear, Inc., collectively as defendants, but refer to Alex Gorabi in his individual capacity as defendant. We refer to the corporate defendant and appellant as Angelino Men's Wear.

returned a verdict in favor of plaintiff on his breach of oral contract cause of action in the amount of $2,396,404.50. Plaintiff did not obtain further relief on any of his other claims.

## DISCUSSION

### A. *Order Denying Motion for Summary Adjudication**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Exclusion of Plea Agreement and Conviction*

Prior to trial, plaintiff made a motion in limine seeking to exclude evidence of a criminal conviction of Lynwood Bell Pharmacy, Inc. (the pharmacy), based upon a plea agreement between the pharmacy and the State of California (State). According to defendants, plaintiff was the "president, chief executive officer, director, agent for service of process, and shareholder" of the pharmacy. Under the plea agreement, the pharmacy acknowledged committing Medi-Cal fraud, agreed to plead guilty to one count of Medi-Cal fraud, and agreed to pay restitution and investigation costs. In his motion, plaintiff argued that evidence relating to the conviction and plea agreement was inadmissible as character evidence or for impeachment and, in any event, should be excluded under Evidence Code section 352 as more prejudicial than probative. According to the declaration of plaintiff's counsel, plaintiff was not the "principal" pharmacist at the pharmacy, and the principal pharmacist who operated the pharmacy during the misconduct in question was deceased at the time of the plea agreement.

Defendants opposed the motion, arguing that because the pharmacy could only act through plaintiff as its officer and director and plaintiff, as the sole shareholder of the pharmacy, was the only beneficiary of the fraud, the conviction could be used to impeach plaintiff. Defendants also contended that the plea agreement and the conviction constituted crimes and acts relevant to show plaintiff's knowledge of "how to present forged documents" and to show plaintiff's motive to lie about the asserted existence of certain promissory notes that were at issue between plaintiff and defendants.

---

*See footnote, *ante*, page 416.

The trial court granted the motion[6] on the grounds that "[t]he conviction is not plaintiff[']s, and is barred by [Evidence Code section] 352." On appeal, defendants contend that evidence of the plea agreement and conviction should have been admitted to impeach plaintiff and under Evidence Code section 1101, subdivision (b) as evidence of plaintiff's knowledge of how to alter documents and of his motive to fabricate documents and checks. Defendants, citing to the voir dire examination of the jurors, argue that the jury had negative views about defendant, and therefore evidence of plaintiff's character was necessary to counter those views.

Evidence Code section 351 states, "Except as otherwise provided by statute, all relevant evidence is admissible." Evidence Code section 787 states, "Subject to Section 788, evidence of specific instances of his conduct relevant only as tending to prove a trait of his character is inadmissible to attack or support the credibility of a witness." Evidence Code section 788 specifies, "For the purpose of attacking the credibility of *a witness*, it may be shown . . . that *he has been convicted of a felony*" in certain circumstances. (Italics added.) Evidence Code section 1101, subdivision (b) provides, "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act." Finally, Evidence Code section 352 states, "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

Whether the plea agreement and conviction of the corporation can be admissible at all against the plaintiff is a legal question. We review purely legal questions de novo. (See *People v. Louis* (1986) 42 Cal.3d 969, 986 [232 Cal.Rptr. 110, 728 P.2d 180].) The trial court's decision to admit or exclude evidence under Evidence Code sections 352 and 1101 is reviewed for an abuse of discretion. *(People v. Davis* (2009) 46 Cal.4th 539, 602 [94

---

[6] According to the parties, the reporter's transcript of the hearing on the motion in limine cannot be located notwithstanding defendants' notice of omission under rule 8.155(b)(1) of the California Rules of Court. The absence of a reporter's transcript or a settled statement concerning the hearing on the motion is another basis to reject defendants' contention on this evidentiary issue. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [240 Cal.Rptr. 872, 743 P.2d 932].)

Cal.Rptr.3d 322, 208 P.3d 78] [" 'We review for abuse of discretion a trial court's rulings on relevance and admission or exclusion of evidence under Evidence Code sections 1101 and 352.' (*People v. Cole* [(2004)] 33 Cal.4th [1158,] 1195 [17 Cal.Rptr.3d 532, 95 P.3d 811].)"].) To establish an abuse of discretion, the complaining party must show that " 'the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice [citation].' (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9–10 [82 Cal.Rptr.2d 413, 971 P.2d 618].)" *People v. Carrington* (2009) 47 Cal.4th 145, 195 [97 Cal.Rptr.3d 117, 211 P.3d 617].)

The parties agree that there is no case law in California expressly dealing with the admissibility of a felony conviction of a corporation for use against an officer or shareholder of that corporation to either impeach the officer or shareholder in his or her individual capacity, under Evidence Code section 788 or as evidence of knowledge or motive on the part of the individual under Evidence Code section 1101.

█ The plain language of Evidence Code section 788 allows evidence of a conviction to impeach a witness only when the witness himself or herself has been convicted of a felony. Notwithstanding similar language in rule 609 of the Federal Rules of Evidence (28 U.S.C.), it has been held that under that rule,[7] a party may use "a corporation's felony conviction to impeach the corporation's *vicarious* testimony." (*Hickson Corp. v. Norfolk Southern Ry. Co.* (E.D.Tenn. 2002) 227 F.Supp.2d 903, 907, italics added; see *Olin Corp. v. Certain Underwriters at Lloyd's London* (2d Cir. 2006) 468 F.3d 120, 135; Jones et al., Federal Civil Trials and Evidence (The Rutter Group 2009) ¶ 12:56.) One authority has noted, "A corporation's prior felony conviction *cannot* be used to impeach a corporate employee's testimony when the employee *did not participate* in the underlying criminal conduct." (Jones et al., Federal Civil Trials and Evidence, *supra*, ¶ 12:56, p. 12-19 (rev. # 1, 2009), citing *Walden v. Georgia-Pacific Corp.* (3d Cir. 1997) 126 F.3d 506, 523–524.) In *Elcock v. Kmart Corp.* (3d Cir. 2000) 233 F.3d 734, 751–754, the court suggested that the embezzlement convictions of an expert and the

---

[7] Federal Rules of Evidence, rule 609 (28 U.S.C.) provides in pertinent part: "(a) General rule. For the purpose of attacking the character for truthfulness of a witness, [¶] (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and [¶] (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."

entity for which he performed services were admissible on the expert's credibility, but could be excluded if the trial court determined that the probative value was substantially outweighed by other factors. (Cf. *United States v. Trenton Potteries Co.* (1927) 273 U.S. 392, 404–405 [71 L.Ed. 700, 47 S.Ct. 377] [asking witness about knowledge of guilty plea by corporate employer to violation of antitrust law permissible to show bias].)

In *Oklahoma ex rel. Nesbitt v. Allied Materials Corp.* (W.D.Okla. 1968) 312 F.Supp. 130, 133–134, the court said that it was permissible for the state to use prior criminal antitrust convictions of corporations to impeach witnesses who were individually convicted of the same crime committed by the corporations and those witnesses who were managing agents, officers, or directors of the corporations. The court added that it did not believe "a conviction . . . would taint all employees of a corporation so as to make them subject to impeachment by reason of the conviction of their corporate employer." (*Id.* at p. 133.) To the extent the decision permitted the corporate convictions to be used against individuals—even of managing agents, officers or directors—who had no knowledge and no connection with the illegality, that decision has been criticized. (Comment, *Using Prior Corporate Convictions to Impeach* (1990) 78 Cal. L.Rev. 1313, 1314.)

In *CGM Contractors, Inc. v. Contractors Environmental Services, Inc.* (1989) 181 W.Va. 679 [383 S.E.2d 861, 865–866], the court in applying an evidentiary statute similar to the federal rule, said "it would seem reasonable to utilize a corporate crime to impeach a corporate official's credibility if the official is connected to the crime, so long as the conviction meets [certain evidentiary requirements of the evidence code]." In *Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc.* (S.D.N.Y. 2005) 67 Fed. R. Evid. Serv. 142, the federal court held that the corporation's conviction can be used to impeach the chief executive officer of the corporation if there is a reasonable inference that the he had been directly connected to the criminal act. The court noted, "Unwittingly, the parties have stumbled onto an interesting evidentiary issue that has yet to be resolved in this Circuit." (*Id.* at p. 152.)

In *People v. Mattiace* (1990) 77 N.Y.2d 269 [567 N.Y.S.2d 384, 568 N.E.2d 1189, 1192–1193], the court (without citing any rule of evidence) observed, "Thus, '[i]n the circumstances of this case, where the defendant was the owner, chief stockholder and president of a small family business, which had been indicted as his codefendant in the commission of identical crimes, it was not error to admit [if defendant had taken the stand] certain convictions of the

corporation to impeach the credibility of the defendant' [citation]. The potential use of [the corporation's] prior convictions to impeach the credibility of this defendant, who was jointly tried, is not erroneous as a matter of law. Evidence of [the corporation's] convictions could have been probative of defendant's credibility, had he testified, as an officer and owner of the corporation. It would not have been admitted to prove or bear on defendant's criminal propensity or sole responsibility for the corporate crimes but to affect his credibility and defensive explanations or deflections of responsibility. On the facts of this case, the ruling did not rise to an abuse of discretion as a matter of law (*see, People v. Brown* [(1979)] 48 N.Y.2d 921, 923 [425 N.Y.S.2d 54, 401 N.E.2d 177], . . . *People v. Shields* [(1978)] 46 N.Y.2d 764 [413 N.Y.S.2d 649, 386 N.E.2d 257] . . .).' " The dissent in *People v. Mattiace, supra,* 568 N.E.2d 1189, however, viewed the issue differently, explaining that "it is difficult to perceive how the mere fact that a corporation has been convicted of a crime has any bearing on a particular individual's credibility *without a further showing* linking the person to the criminal conduct underlying the conviction." (*Id.* at p. 1193 (dis. opn. of Titone, J.).)

One commentator has written, "[u]sing corporate convictions to impeach witnesses at trial poses unique problems for courts. Unlike prior individual convictions, for prior corporate convictions, the witnesses may not be at all connected with the prior illegality. Thus, in assessing the impeachment value of a prior corporate conviction, a court must first determine whether it has any relevance at all. The connection between the prior corporate crime and the witness that will establish relevance may be either direct or indirect. Direct linkage is when the witness was himself convicted or was an 'obviously guilty' party in the prior illegality. Indirect linkage is when the connection is established through a presumption based on the type of crime and witness involved and/or the corporation's personality. [¶] Establishing the connection between the prior corporate crime and the witness does not end a court's inquiry. It must then decide whether admitting the particular crime involved is on balance appropriate for the case at bar. This latter inquiry is similar though not identical for prior corporate and for individual convictions." (Comment, *supra,* 78 Cal. L.Rev. at p. 1339.) That commentator proposes that the "decision to allow a prior corporate conviction to attack the credibility of a witness rests in the sound discretion of the court. The conviction, however, must be relevant to the credibility of the witness. In addition, the probative value of admitting this evidence must outweigh its prejudicial effect." (*Id.* at p. 1338.)

 Notwithstanding the authorities discussed, whether a corporate conviction can ever be used to impeach an individual witness in view of the language in Evidence Code section 788 is not clear. But the criminal conviction of the corporation could be admissible under Evidence Code

section 1101, subdivision (b) if that conviction shows that the defendant on behalf of or in concert with the corporation "committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge . . .) other than his or her disposition to commit such an act." Here, defendants sought to admit the corporate conviction not only to impeach plaintiff but to show he committed a crime or act that was relevant to his knowledge.

█ It is undisputed that the only defendant in the Medi-Cal fraud case was the pharmacy—a corporation—and that the only party to the plea agreement with the state was that corporation. There was no evidence before the trial court that plaintiff committed a crime, personally engaged in any of the charged misconduct, or had any knowledge of such misconduct, much less that he ratified it. There was no showing that plaintiff committed a crime or other act covered by Evidence Code section 1101. Evidence Code section 788 could not apply. The evidence did not show that plaintiff had been convicted of a crime. And even if plaintiff's involvement in the criminal activity could result in the admission of the pharmacy's crime to impeach plaintiff, there was not a sufficient showing of such involvement. In any event, the trial court had justification for excluding the evidence under Evidence Code section 352. Evidence of the corporate conviction and evidence concerning plaintiff's involvement or lack of involvement with the charged misconduct would have increased the duration of the already lengthy trial. Under Evidence Code section 352, the trial court, in its discretion, could have determined that the probative value of the corporate conviction was outweighed by the potential prejudice, expenditure of time, and potential confusion of the jury that admission of the conviction could have caused. Accordingly, the trial court did not abuse its discretion by excluding from evidence the corporate conviction and plea agreement.[8]

C.–E.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[8] In support of their contentions concerning the exclusion of the plea agreement, defendants also argue arguments about the authenticity of a $474,404 check and evidence showing that plaintiff changed his name. Those arguments, however, are made in support of defendants' contention that they were prejudiced by the order excluding evidence of the plea agreement. Because we have concluded that the trial court did not err in excluding evidence of the conviction, we do not reach defendants' assertions of prejudice.

[*]See footnote, ante, page 416.

## DISPOSITION

The judgment is affirmed. Plaintiff is awarded costs on appeal.

Turner, P. J., and Kriegler, J., concurred.