Filed 6/16/15  Ahern v. Asset Management Consultants CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| PRISCILLA AHERN et al., | B255853 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BS141657) |
| v. | |
| ASSET MANAGEMENT CONSULTANTS INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, James C. Chalfant and Michelle R. Rosenblatt, Judges.  Affirmed.

Catanzarite Law Corporation, Kenneth J. Catanzarite, Nicole M. Catanzarite-Woodward, Eric V. Anderton for Plaintiffs and Appellants.

Jackson, DeMarco, Tidus & Peckenpaugh, M. Alim Malik, Charles M. Clark for Defendants and Respondents Asset Management Consultants, Inc., BH& Sons, LLC, Argent Associates, LLC, Argent Real Estate Associates, L.P., James Hopper and Gloria Hopper.

Long & Levit, Joseph P. McMonigle, Jessica R. MacGregor, David S. McMonigle for Defendants and Respondents JAMS/ENDISPUTE, LLC and Alexander S. Polsky.

# INTRODUCTION

Plaintiffs and appellants (plaintiffs)[1] appeal from a judgment entered following the sustaining of demurrers in favor of defendants and respondents (defendants).[2] According to plaintiffs, the trial court erred when it sustained defendants' demurrers to plaintiffs' declaratory relief claim without leave to amend because they had alleged sufficient facts to establish an actual controversy and there were no other adequate forms of alternative relief available.

We hold that because plaintiffs could not allege the existence of the requisite actual controversy, the trial court did not err in sustaining defendants' demurrers without leave to amend. We further hold that the trial court did not abuse its discretion in sustaining the demurrers on the ground that there was an adequate form of alternative relief available. We therefore affirm the judgment of dismissal.

# BACKGROUND

## A. First Action

### 1. Complaint

In May 2012, plaintiffs filed a class action in the Superior Court of the County of Los Angeles, case number BC484356 (first action), against, inter alia, defendants. Plaintiffs sought to represent a class of persons who purchased limited partnership interests in a commercial real estate venture and who allegedly had been fraudulently induced to invest in the venture.

---

[1] Plaintiffs are Priscilla Ahern, Thomas Ahern, Amlap Ahern, LLC, and Michael Stella.

[2] Defendants are Asset Management Consultants, LLC, BH & Sons, LLC, Argent Associates, LLC, Argent Real Estate Associates, L.P., James Hopper, Gloria Hopper, JAMS/ENDISPUTE, LLC, (JAMS) and Alexander Polsky.

### 2. *Arbitration Order, Dismissals Without Prejudice, and Defendants' Demand for Arbitration*

In response to the complaint, defendants successfully petitioned the trial court in the first action for an order compelling arbitration pursuant to Code of Civil Procedure section 1281.2**3**. The arbitration order provided that the "scope of the Arbitration covers all causes of action, factual allegations and issues alleged by" plaintiffs. In response to the arbitration order, plaintiffs filed and the trial court entered on October 9, 2012, dismissals without prejudice as to their claims against defendants in the first action.

On October 24, 2012, defendants filed a demand for arbitration against plaintiffs before JAMS, which demand sought an order that plaintiffs' dismissals without prejudice be deemed dismissals with prejudice and requested "damages according to proof at the arbitration for affirmative claims they may assert." On November 8, 2012, JAMS—an alternative dispute resolution provider—commenced the arbitration by appointing defendant Alexander Polsky as the arbitrator. Plaintiffs refused to participate in the arbitration, which refusal the arbitrator deemed to be a motion to dismiss. After reviewing the briefs of the parties on the dismissal issue, the arbitrator denied the motion, concluding that he had jurisdiction to determine the affirmative claims asserted by defendants in the arbitration that related to the factual allegations and claims asserted by plaintiffs in the complaint in the first action.

### B. Orange County Action

In December 2012, plaintiffs filed an action in the Superior Court of the County of Orange, case number 2012-00620765 (Orange County action), seeking a writ of prohibition to restrain the arbitrator from proceeding with the arbitration. According to plaintiffs, on February 11, 2013, the trial court in the Orange County action dismissed the petition without prejudice so that it could be refiled with the trial court in the first action in Los Angeles County.

---

**3** All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

## C.     Instant Action

In February 2013, plaintiffs filed the instant action against defendants in the Superior Court of the County of Los Angeles seeking a writ of prohibition to restrain the arbitrator from proceeding with the arbitration.  The trial court in the instant action denied plaintiffs' ex parte request for a writ of prohibition, but stayed the arbitration as to defendants' declaratory relief claim only, pending a clarification by the trial court in the first action as to whether defendants' affirmative claims should be adjudicated as part of the arbitration.  The trial court in the first action thereafter refused to interfere with the arbitration, ruling that it would address any issue about the arbitrator exceeding his authority in response to a petition to vacate or confirm the award.  At a June 2013 status conference in the instant action, the trial court lifted the stay of the arbitration.

## D.     Defendants' Arbitration Complaint, Award, and Petitions to Confirm and Vacate

In February 2013, defendants filed a complaint in the arbitration seeking indemnification and declaratory relief.  When the trial court in the instant action lifted the stay of arbitration in June 2013, the arbitration proceeded, and, on September 17, 2013, the arbitrator entered an award in favor of defendants.  On October 4, 2013, defendants filed in the first action a petition to confirm the arbitration award pursuant to section 1285.  On October 15, 2013, plaintiffs filed in the first action a petition to vacate the arbitration award pursuant to sections 1285 and 1286.2.

## E.     Amended Complaint in Instant Action for Declaratory Relief

After the trial court in the instant action sustained defendants' demurrer to plaintiffs' petition for writ of prohibition, plaintiffs requested and the trial court granted leave to amend the complaint to state a claim for declaratory relief.  On October 15, 2013, plaintiffs filed in the instant action an amended complaint for declaratory relief.

**F.    Order Confirming Arbitration Award and Judgment Based Thereon**

On November 14, 2013, the trial court in the first action issued an order confirming the arbitration award and denying the petition to vacate that award pursuant to section 1286. On December 12, 2013, the trial court in the first action entered a judgment based on the arbitration award pursuant to section 1287.4. Plaintiffs filed a notice of appeal from that judgment on January 13, 2014.[4]

**G.    Order Sustaining Demurrer Without Leave to Amend**
**in Instant Action and Judgment Thereon**

In response to the amended complaint for declaratory relief in this action, defendants filed demurrers. On February 20, 2014, the trial court issued an order sustaining the demurrers without leave to amend. The trial court explained its ruling as follows: "The AMC Defendants[5] challenge the Amended Pleading on four grounds—(1) Plaintiffs fail to state a cause of action because there is no actual controversy; (2) Plaintiffs fail to state a cause of action because an alternative and more effective relief is available; (3) Plaintiffs' cause of action is based on arguments the Court has already rejected; and (4) Plaintiffs are precluded from seeking declaratory relief of whether an arbitration exists between themselves and AMC Defendants in [a purchase and sale agreement]. [¶] Plaintiffs do not address all four arguments. The opposition focuses on the position that an actual controversy exists and has been alleged, i.e. whether or not the arbitration was proper in the first instance. Defendants maintain there is no actual controversy because the arbitration has occurred and an award rendered. Plaintiffs maintain that until the decision is made by the Court of Appeal, Defendants cannot show this action is moot. However, as the reply points out, the appeal filed by Plaintiffs seeks

---

[4]    The appeal from the judgment in the first action currently is pending before Division Seven of this District, case number B253974.

[5]    The trial court's ruling referred to the following defendants as "the AMC Defendants": Asset Management Consultants, LLC, BH & Sons, LLC, Argent Associates, LLC, Argent Real Estate Associates, L.P., James Hopper, and Gloria Hopper.

to adjudicate precisely the claims filed here. Plaintiffs have not cited any authority indicating they may maintain both actions. The Court notes that the statutory scheme of the California Arbitration Act does not, within CCP section 1286, provide for the type of attack that Plaintiff is maintaining here. The CAA provides that a party can petition to vacate an arbitration award where the arbitrator acted in excess of his or her authority. See CCP section 1286.2(4). This does appear to be a case of first impression based upon its facts. [¶] Defendants also maintain that Plaintiffs allegations are insufficient because an alternative and more effective relief is available. See *Osseous Technologies of Amer., inc. v. DiscoveryOrtho Partners LLC* (2010) 191 Cal.App.4th 357, 364 ("'The mere circumstances that another remedy is available is an insufficient ground for refusing declaratory relief, and doubts regarding the propriety of an action for declaratory relief . . . generally are resolved in favor of granting relief.'"); *Cal. Ins. Guar. Ass'n v. Sup. Ct.* (1991) 231 Cal.App.3d 1617, 1624 ('availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief' but '[t]he refusal to exercise the power is within the court's legal discretion. . . .'). While the pleading alleges Plaintiffs 'have no other appeal or plain, speedy and/or adequate remedy in ordinary course of law,' as discussed above, petitions to confirm and vacate the arbitration award at issue in this pleading have been filed, heard, and the ruling appealed. That appeal is currently pending. [¶] The Third argument is that Plaintiffs' pleading is based on arguments already rejected in Judge Chalfant's ruling on the previous demurrer [in the instant action]. As they did in their previous petition for writ of prohibition, Plaintiffs argue that, by virtue of their having dismissed their causes of action against the AMC Respondents, Judge Wiley's order [in the first action] to arbitrate effectively sent JAMS nothing to arbitrate. In so arguing, Plaintiffs' assume that an action in the trial court provides a necessary foundation to any arbitration proceeding ordered by that court. However, in *Byerly v. Sale* (1988) 204 Cal.App.3d 1312, in which the trial court dismissed a medical malpractice action for failure to bring the matter to trial within five years, the Court of Appeal stated: 'Mere dismissal of a previously stayed complaint under the present circumstances has absolutely no effect on the pending arbitration. This

6

is so because the parties contractually agreed to arbitrate the dispute pursuant to CCP § 1295.' *Id.* at 1314. Further, it is typically up to the arbitrator to decide whether a claim is arbitrable. [¶] Lastly Defendants argue that Plaintiffs are precluded from seeking declaratory relief of whether of an arbitration agreement exists between themselves and the AMC Defendants in [a purchase and sale agreement]. Judge Chalfant did not directly address this issue, nothing that '[t]he Court need not decide whether Petitioners are completely foreclosed from contesting the application of the arbitration agreement to AMC Respondents' claims because, even if Petitioners may contest the Arbitrator's authority under CCP section 1281.2, they may not do so through a writ of prohibition. Such a challenge can only be made through decllratory relief and injunction.' . . . Defendants rely on the transcript from the September 19, 2012 hearing before Judge Sheppard Wiley on the Petition to Compel Arbitration. . . . Courts cannot take judicial notice of a judge's findings unless the requirements of res judicata or collateral estoppel must apply pursuant to a final judgment. *Plumley v. Mockett* (2008) 164 Cal.App.4th 1031, 1051. AMC Defendants maintain that it was found that an arbitration agreement exists between Plaintiffs and the moving Defendants. . . . [¶] To demonstrate the application of collateral estoppel, one must prove (1) issue identical to that decided in the prior proceeding; (2) issue actually litigated in the prior proceeding; (3) issue necessary decided in the prior proceeding; (4) final decision on the merits; (5) person who was a party or in privity with a party to prior proceeding. *Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 398-402 (including definitions of identical issue, and actually decided.) It appears that estoppel applies. [¶] For all of the foregoing reasons, the demurrer is sustained without leave to amend."

"The [JAMS defendants'][6] demurrer challenges the sole cause of action alleged on grounds Plaintiffs have failed to state facts sufficient to constitute a cause of action against the JAMS Defendants. [¶] The Court grants the request for judicial notice and supplemental request for judicial notice. The Court notes that the JAMS demurrer

---

[6] The trial court's ruling referred to the following defendants as "the JAMS Defendants": JAMS/ENDISPUTE, LLC and Alexander Polsky.

7

addresses the same issues raised by the AMC Defendants and more.  The JAMS Defendants challenge the Amended Pleading on four grounds—(1) Plaintiffs fail to state a cause of action because there is no actual controversy; (2) Plaintiffs fail to state a cause of action because an alternative and more effective relief is available; (3) Plaintiffs' cause of action is based on arguments the Court has already rejected; and (4) Plaintiffs are precluded from seeking declaratory relief of whether an arbitration agreement exists between themselves and AMC Defendants in [a purchase and sale agreement].  With respect to the first three arguments, the Court's ruling herein is the same as with respect to the AMC Defendants.  [¶]  As to the fourth argument, the opposition raises an argument not made in the opposition to the AMC demurrer.  Plaintiffs argue that 'while Judge Chalfant did speculate on the matter in his order, that speculation is neither a finding nor a determination.'  Plaintiffs cite portions of Judge Chalfant's order cited above, indicating the Court did not rule on whether Plaintiffs' could challenge whether an agreement existed under[a purchase and sale agreement].  However, the opposition ignores the fact that demurrer does not rely on Judge Chalfant's order with regard to that issue.  The rulings relied on are with regard to the previous ruling on the petition to compel arbitration and the subsequent ruling on the petition to confirm the arbitration award.  It is acknowledged that in the previous demurrer in this action, Judge Chalfant declined to decide the issue because Plaintiffs were not able to adjudicate that issue, in the first instance, through a petition for a writ of prohibition."

8

## H.    Appeal From Judgment of Dismissal in Instant Action

On April 22, 2014, plaintiffs filed a notice of appeal from the "[j]udgment of dismissal after order sustaining a demurrer."  At the time plaintiffs filed their notice of appeal, however, no final judgment of dismissal had been entered.  A final judgment of dismissal was not entered until June 27, 2014.[7]

## DISCUSSION

## A.    Standards of Review and Applicable Legal Principles

The parties disagree over which standard of review applies on appeal.  Plaintiffs maintain that because the trial court ruled on the merits of defendants' demurrer, review is governed by the rules generally applicable to demurrer rulings and therefore a de novo standard controls our review and analysis.  Defendants argue that because the trial court is vested with discretion to deny declaratory relief when the requested declaration is not necessary or proper, an abuse of discretion standard governs our review.  If plaintiffs are correct and a de novo standard applies, the trial court did not err in determining as a matter of law that plaintiffs could not state facts establishing the existence of the actual controversy necessary to state a claim for declaratory relief.  On the alternative ground that plaintiffs have an adequate form of alternative relief other than declaratory relief, the trial court's alternative order on that basis is reviewed under an abuse of discretion standard.  The trial court did not abuse its discretion because there was another form of relief available to plaintiffs that was adequate—the pending appeal in the first action.

---

[7]    Although plaintiffs' appeal was premature because it was taken from the nonappealable order sustaining the demurrer without leave to amend, we treat it as being from the subsequently entered final judgment of dismissal.  "We deem appellant's premature appeal, filed after the nonappealable order sustaining the demurrer without leave to amend and before the judgment of dismissal was entered, to be an appeal from the subsequent judgment of dismissal.  (See *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353, fn. 5 [104 Cal.Rptr.2d 183].)"  (*Maxwell v. Dolezal* (2014) 231 Cal.App.4th 93, 96, fn. 1.)

9

The rules for reviewing a demurrer ruling under a de novo standard are well established. "For purposes of analyzing the ruling on demurrer, we give the pleading a reasonable interpretation, reading it as a whole, its parts in their context, to determine whether sufficient facts are stated to constitute a cause of action or a right to the relief requested. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) If a demurrer was sustained without leave to amend, but the defect was curable by amendment, we would find an abuse of discretion in that ruling. However, if the order is correct as a matter of law, we would not reverse it. (*Ibid*.) We examine the legal sufficiency of the judgment, not necessarily the reasoning of the trial court. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)" *Otay Land Co. v. Royal Indemnity Co*. (2008) 169 Cal.App.4th 556, 561-562 (*Otay*).)

The rules governing our review under an abuse of discretion standard are also well settled. "To establish an abuse of discretion, the complaining party must show that '"the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice [citation]." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10 [82 Cal.Rptr.2d 413, 971 P.2d 618].)' *People v. Carrington* (2009) 47 Cal.4th 145, 195 [97 Cal.Rptr.3d 117, 211 P.3d 617].)" (*Ghadrdan v. Gorabi* (2010) 182 Cal.App.4th 416, 421.)

Plaintiffs' contentions on appeal require us to review the sufficiency of their declaratory relief claim. We therefore begin our analysis with an overview of the legal requirements for such a claim. The court in *Otay, supra*, 169 Cal.App.4th at pages 562 through 563 summarized the law on declaratory relief as follows: "'"The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject."' [Citations.] The language of Code of Civil Procedure section 1060 appears to allow for an extremely broad scope of an action for declaratory relief: 'Any person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for

a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. . . .' (Code Civ. Proc., § 1060.) [¶] However, the courts will nevertheless evaluate in the context of a demurrer whether the factual allegations of the complaint for declaratory relief reveal that an actual controversy exists between the parties. [Citation.] 'Sustaining a demurrer when the complaint reveals such a controversy constitutes error. [Citations.] [¶] Before a controversy is ripe for adjudication it "'must be definite and concrete, touching the legal relations of parties having adverse legal interests. [Citation.] It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" [Citations.]' [Citation.] [¶] Accordingly, the courts require that a legally cognizable theory of declaratory relief is being pursued, in order for such a cause of action to be stated. A matter is not justiciable or appropriate for resolution through declaratory relief unless the proper criteria are present. Under the federal approach, a case is not appropriate for declaratory relief without a showing of "'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" [Citations.]' [Citation.] Likewise, under California rules, an actual controversy that is currently active is required for such relief to be issued, and both standing and ripeness are appropriate criteria in that determination. [Citation.] One cannot analyze requested declaratory relief without evaluating the nature of the rights and duties that the plaintiff is asserting, which must follow some recognized or cognizable legal theories that are related to subjects and requests for relief that are properly before the court. [¶] Moreover, under Code of Civil Procedure section 1061, '[t]he court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances.' This is a discretionary determination, subject to reversal only if that discretion is abused.

11

[Citation.] The courts do not issue advisory opinions about the rights and duties of the parties under particular agreements, if no actual, justiciable controversy has yet developed. [Citation.]"

"'The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief. The refusal to exercise the power is within the court's legal discretion and will not be disturbed on appeal except for abuse of discretion. (*Girard v. Miller* [1963] 214 Cal.App.2d 266, 277. . . .)' ([*General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465,] 471; see also, *State Farm etc. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 433 [304 P.2d 13].)" (*California Ins. Guarantee Assn. v. Superior Court* (1991) 231 Cal.App.3d 1617, 1624; see also *Maguire v. Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 732.)

## B.    Declaratory Relief Claim

### 1.    Allegations

In support of their declaratory relief claim, plaintiffs alleged certain of the procedural facts set forth above concerning the filing of the first action, the order compelling arbitration, the dismissals without prejudice of their claims against defendants in the first action, and the prosecution in the arbitration of defendants' affirmative claims against plaintiffs. Based on those procedural factual allegations, plaintiffs alleged as follows concerning their declaratory relief claim: "Defendants JAMS and Polsky are hosting the JAMS Action being pursued by the remaining defendants. There is an actual case in controversy relating the legal rights and duties of the respective parties under [a purchase and sale agreement]. Plaintiffs seek [a] declaration of the parties rights and duties under the agreement to arbitrate . . . [in the purchase and sale agreement] and the propriety of the JAMS Action."

"Defendants are proceeding in a manner that is without and/or in excess of defendants Polsky and JAMS' jurisdiction. Specifically, defendants AMC, BHS, Argent, Argent RE, JAMES and GLORIA commencement and . . . continued JAMS Action

12

arbitration proceedings . . . violate defendants' *absolute right* to dismiss . . . their claims against AMC, BHS, Argent, Argent RE, JAMES and GLORIA in the [first action] and proceeding to adjudicate claims [as to] which these defendants are not the real part[ies] in interest."

"[A d]eclaration of rights is necessary in order to avoid[] burdening and/or impairing plaintiffs' claim [that] defendants are not the real parties in interest and without right to bring such claims in the [arbitration]. Plaintiffs would be severely prejudiced if the JAMS Action were allowed to result in an arbitration award against plaintiffs which destroys their claims which they did not submit to arbitration in the JAMS Action."

"Plaintiffs are informed and believe, and based on such information and belief allege, that defendants are now seeking to prosecute, adjudicate and enforce their own claims which are not supported by the [arbitration] order . . . [or] any agreement to arbitrate. Indeed, at the time of the [arbitration] order . . . , no affirmative claims by AMC, BHS, Argent, Argent RE, JAMES and GLORIA's [had been asserted and the arbitration therefore] is unlawful because the claims are not covered by the [arbitration] order . . . [or] supported by a written agreement to arbitrate. Plaintiffs do not consent to arbitration, AMC, BHS, Argent, Argent RE, JAMES and GLORIA's claims are not subject to arbitration, and these defendants failed to obtain an order compelling arbitration of their claims such that, as a result[,] Polsky and JAMS lack jurisdiction to hear the claims."

"Plaintiffs have no other appeal or plain, speedy, and/or adequate remedy in the ordinary course of law. [¶] Plaintiffs therefore seek declaratory and injunctive relief [declaring] that defendants have no right to submit plaintiffs' claims from the [first action] to arbitration and [enjoining] further proceedings in the JAMS Action."

### 2. *Actual Controversy/Subject Matter Jurisdiction*

Even a cursory review and comparison of plaintiffs' declaratory relief claim, on the one hand, and plaintiffs' petition to vacate and related appeal, on the other, demonstrate that the declaratory relief claim seeks to adjudicate the same rights and

duties at issue in plaintiffs' petition to vacate and appeal. The petition to vacate in the first action and the related appeal asserted that because plaintiffs had dismissed their claims against defendants before any counter claims were asserted in the arbitration, the controversy that had been ordered to arbitration no longer existed and the arbitrator no longer had any power to act with respect to it. The petition to vacate and the related appeal also asserted that because the trial court in the first action did not order defendants' affirmative claims against plaintiffs to arbitration, the arbitrator had no authority to determine those claims, absent such a court order or plaintiffs' consent. And, the petition to vacate and related appeal further asserted that because certain defendants were not signatories to the arbitration agreement in issue, the arbitrator had no authority to hear and determine their claims. As the allegations of the declaratory relief complaint quoted above show, that complaint sought to adjudicate the identical issues previously determined by the trial court in the first action in its ruling on the petition to vacate, a ruling that is now pending review on appeal.

Notwithstanding the foregoing, plaintiffs contend that the trial court erred when it determined that the complaint failed to establish that an actual controversy existed between the parties. According to plaintiffs, the trial court in the first action lacked subject matter jurisdiction over the issues of whether the affirmative claims asserted by defendants in the arbitration were subject to the arbitration provision in issue and whether certain defendants were proper parties to the arbitration. Therefore, plaintiffs argue, those issues were properly within the subject matter of the trial court in the instant action because plaintiffs first raised them in that forum. We disagree.

Pursuant to section 1281.2[8], the trial court in the first action ordered the controversy framed by the complaint in that action to arbitration, an order that was

---

[8]     Section 1281.2 provides in pertinent part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, . . . ."

14

clearly within its jurisdiction to make.  At that point, jurisdiction over the parties'
controversy, including the issues of whether defendants' affirmative claims were subject
to the arbitration agreement and whether certain of the defendants were parties to that
agreement, was vested in the arbitration forum.  Well prior to the filing of the instant
action, the arbitrator considered the issue of whether defendants' affirmative claims were
arbitrable in that forum and determined that they were.  The arbitrator thereafter held a
hearing on the merits of defendants' claims and entered an award in defendants' favor.
The parties then petitioned the trial court in the first action to confirm and vacate the
award pursuant to section 1285.[9]

Because the trial court in the first action determined the original petition to compel
arbitration, it was vested with continuing jurisdiction to determine the subsequent
petitions to confirm and vacate the arbitration award pursuant to section 1292.6.[10]  That
jurisdiction included the power under sections 1286.2, subdivision (a)(4)[11] and 1287.2[12]
to determine the issues of whether the arbitrator exceeded his powers and whether certain
defendants were proper parties to the arbitration, the same issues raised in plaintiffs'

---

[9]     Section 1285 provides:  "Any party to an arbitration in which an award has been
made may petition the court to confirm, correct or vacate the award. The petition shall
name as respondents all parties to the arbitration and may name as respondents any other
persons bound by the arbitration award."

[10]    Section 1292.6 provides:  "After a petition has been filed under this title, the court
in which such petition was filed *retains jurisdiction to determine any subsequent petition
involving the same agreement to arbitrate and the same controversy*, and any such
subsequent petition shall be filed in the same proceeding."   (Italics added.)

[11]    Section 1286.2, subdivision (a)(4) provides:  "(a)  Subject to Section 1286.4, the
court shall vacate the award if the court determines any of the following:  [¶ . . . ¶]  (4)
The arbitrators exceeded their powers and the award cannot be corrected without
affecting the merits of the decision upon the controversy submitted."

[12]    Section 1287.2 provides:  "The court shall dismiss the proceeding under this
chapter as to any person named as a respondent if the court determines that such person
was not bound by the arbitration award and was not a party to the arbitration."

declaratory relief claim in the instant action.  Because those determinations had been made by the trial court in the first action well prior to the hearing on the demurrer in the instant action, the trial court did not err by determining that there was no currently active controversy to be determined in the declaratory relief action.

### 3.      *Adequate Alternative Remedy*

The trial court also determined, in the alternative, that because there was an adequate form of alternative relief available to plaintiffs, the requested declaration was not necessary or proper.  As discussed above, that determination was within the sound discretion of the trial court under section 1061, and the court's exercise of that discretion will not be disturbed on appeal absent an abuse of discretion.

At the time the trial court in the instant action ruled on the demurrer to the declaratory relief claim, the trial court in the first action had already heard and determined the petitions to confirm and vacate.  As discussed above, those petitions raised the same issues that the declaratory relief claim sought to adjudicate—whether defendants' affirmative claims were arbitrable and whether certain defendants were proper parties to the arbitration.  Moreover, prior to the demurrer hearing, plaintiffs appealed from the judgment in the first action that was entered based on the order confirming the award.  Thus, at the time the trial court ruled on the demurrer, the issues as to which plaintiffs sought a declaration of rights were already pending determination on appeal.  Under such circumstances, it was not an abuse of discretion for the trial court to conclude that plaintiffs had an adequate alternative remedy in the form of their pending appeal, which alternative remedy is "speedy and adequate or as well suited to the plaintiff's needs as declaratory relief."  (*Columbia Pictures Corp. v. DeToth* (1945) 26 Cal.2d 753, 761.)

16

**DISPOSITION**

The judgment is affirmed.  Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.